# Rockford Gas Light & Coke Company v. Tabitha K. Ernst.

1. GAS COMPANIES—*Degree of Care Required of.*—A gas company deals with a dangerous agent for profit, and should exercise care proportioned to the dangers from which it is its duty to protect the persons and property of others.

2. SAME—*Liability of, for Damage done by Escaping Gas.*—A gas company is liable without notice, for all damages caused by gas escaping from its pipes, where leaks occur through the fault of the company; if they occur through the fault of another, liability attaches as soon as the company has had notice and time to repair.

3. STREETS—*Interest of Owner of Abutting Property in Trees.*— While a property owner has no claim to, or control over, trees growing in a street in front of his premises as against the municipality, yet as against third persons negligently injuring or destroying them he may recover.

4. EVIDENCE—*As to the Cause of an Injury—Similar Cases.*—Where one of the questions in controversy in a case is, whether gas permeating the soil would have the effect to poison and kill the roots of trees, it is proper to admit evidence tending to show that trees other than the ones alleged to be injured, were destroyed or damaged by gas escaping from the same pipe as that said to have caused the injury complained of.

**Trespass on the Case**, for injuries done by escaping gas. Appeal from the Circuit Court of Winnebago County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

E. P. and ROBERT LATHROP, attorneys for appellant.

R. K. WELSH, attorney for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This appeal is prosecuted from a judgment for $375 recovered by appellee in an action on the case for injury to shade and ornamental trees growing upon her residence lot, and upon the street fronting her lot, and for injury to her household goods, caused by the escape of gas from a break in the street main of appellant passing along appellee's property.

The evidence in the record shows that in a gas main owned and controlled by appellant lying along the street in front of appellee's property there was a large leak from which gas escaped and permeated the soil in which her shade trees were growing and through it reached the cellar and house of appellee. Appellee contended that the effect of the gas permeating the soil about the roots of the trees was to poison and destroy them. This was denied by appellant, and it was insisted that the trees were injured and destroyed by drouth and worms. While the evidence upon that point was conflicting, we think the preponderance shows that trees and shrubbery may be injured and destroyed by the action of coal gas upon their roots, and that in this case such result was produced upon appellee's trees by gas escaping from appellant's street main.

Appellant insists that the charge of negligence was not supported by the evidence, but that it was made to appear that the gas main was constructed of good material and in approved style; that a thorough inspection at the place in question was made a short time before the time of the alleged injury without discovering any leakage, and that the break was repaired within a reasonable time after appellant learned of it.

In the operation of its business a gas company is bound to exercise such care and diligence as to avoid injury to the health and property of others by the escape of gas. For commercial profit it deals with a dangerous agent, and the degree of care devolving upon it should be proportional to the dangers which it is its duty to avoid. Shearman and Redfield on Negligence, 3d edition, Sec. 336; Emerson v. Lowell Gas Light Co., 3d Allen, 410.

If injury is done to adjoining property by reason of defective material used in pipes employed to convey the gas along the streets of a city, because of the imperfect manner in which the pipes are laid, or because of failure to repair breaks, whether caused by its own fault or that of another, the injured property owner has a right of action to recover for all damage sustained by him. In case of a break, if it

occurs through its own fault, the company is liable without notice. If it occurs through the fault of another, liability attaches as soon as the company has had notice and time to repair. If a reasonable inspection of the mains and pipes of a system would have discovered a leak, and such was not made, the company would be liable. If the damage occurs from a break which has existed for several days, and which could have been discovered by proper inspection, that is, of itself, evidence of negligence.

In this case the break was caused by the action of the frost in contracting the pipe. It could have been avoided by planting the pipe deeper in the ground.

The leakage of the gas began about the first of January and continued up to the fifth of February following, without being repaired. The company was guilty of negligence.

We do not agree with counsel for appellant, that appellee could not recover damages for the destruction of the two elm trees, planted by her nineteen years before, in the street immediately in front of her premises. While it is true she could have no property in, or control of, the trees as against the municipality, yet as against third persons negligently injuring or destroying them, she may recover.

It was not error to admit evidence tending to show that trees upon the other side of the street were destroyed or injured by escaping gas. That escaping gas, permeating the soil, would have the effect to poison and kill the roots of trees, was a disputed question material to the issue, and any evidence tending to establish or negative appellee's contention, was proper.

We see no error of the trial court, either in refusing instructions asked by appellant, or in giving instructions for appellee. Affirmed.