210   19|
215   401|
210   19|
f 33 SC 1 25|
210   19|
40SC²601|

# Hartman, Appellant, *v.* Citizens Natural Gas Company.

*Negligence—Natural gas companies — Explosion—Notice of defect—Evidence—Province of court and jury.*

In an action against a natural gas company to recover damages for injuries to a house and personal property resulting from an explosion of natural gas, there was evidence that the odor of escaping gas had been detected in the vicinity of the house for two years consecutively. There was also evidence that after the explosion the service pipe leading from the main to the house was excavated and a leak found therein; that the service pipe when dug up was rusted through in places, that in the construction of a sewer this pipe had been lowered and thereby subjected to a strain likely to cause a break ; and that several years before the accident when the street was excavated on the opposite side, the earth was discolored and smelt of gas. *Held*, (1) that the evidence as to the odor of gas was admissible; and (2) that the case was for the jury, and that a verdict and judgment for the plaintiff should be sustained.

*Negligence—Natural gas companies—Degree of care—Damages.*

Natural gas companies are held to a degree of care which is commensurate with the dangerous character of the agency which is handled. The measure of care is not that of an insurer to every one who sustains loss by reason of gas escaping and exploding, but it is liable for an explosion where it knew, or by the exercise of ordinary care should have known, of the defect in its pipes or mains.

Argued Oct. 19, 1904. Appeal, No. 178, Oct. T., 1904, by defendant, from judgment of C. P. Beaver Co., Sept. T., 1902, No. 12, on verdict for plaintiff in case of Margaretta Hartman v. Citizens Natural Gas Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Trespass to recover damages for injuries to a house and personal property. Before WILSON, P. J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $2,983.52, upon which judgment was entered for $2,541.50, all above that amount having been remitted.

*Errors assigned* were various portions of the charge.

*Harry Calhoon*, with him *E. S. Weyand*, for appellant, cited:

Titus v. R. R. Co., 136 Pa. 618; Hayes v. Penna. R. R. Co., 195 Pa. 184.

*Frank E. Reader*, with him *R. S. Holt*, for appellee, cited: Koelsch v. Philadelphia, 152 Pa. 355; Heh v. Consolidated Gas Co., 201 Pa. 443; Prichard et al. v. Gas Co., 2 Pa. Superior Ct. 179; Henderson v. Allegheny Heating Co., 179 Pa. 513.

PER CURIAM, November 4, 1904:

The result of the evidence is thus fairly stated by the learned judge below in his opinion on the motion for a new trial. " This case was not without some difficulties, and the defendant strenuously objected to evidence showing that the odor of gas had been detected in the vicinity of plaintiff's house prior to the accident. There was evidence introduced to show that the odor of escaping gas had been detected in this vicinity for two years consecutively prior to the accident. It was shown upon the trial that after the explosion the service pipe leading from the defendant's main to the house of the plaintiff was excavated and a leak found therein, that the ground at the time of the accident was frozen with a considerable crust; the pipe itself was taken out of the ditch, was introduced in evidence and shown to be the pipe which was part of the old service pipe above referred to. The evidence further showed that the house was blown up as a result of a natural gas explosion ; and it was left to the jury to determine whether or not the defendant company had notice or ought to have had notice of the existence of the leak in its pipe. That the proximate cause of the explosion was escaping gas from the defendant company's line cannot be questioned; but this fact, together with the fact as to whether the defendant company had notice or should have had notice that its gas was escaping was left to the jury to find ; so that considering all the evidence in the light in which that evidence was submitted to the jury by the court there certainly is no error."

There was other evidence on behalf of the plaintiff that when the street was excavated on the opposite side in 1897 the earth was discolored and smelt of gas; that the service pipe when dug up was rusted through in places; and that in the con-

struction of a sewer the pipe had been lowered and thereby subjected to a strain likely to cause a leak. These and other items tending to show that a leak had in fact existed for a long time and should have been discovered, necessarily took the case to the jury, and were fairly stated in the charge together with the evidence and arguments of the defendant as to their inconclusiveness to establish negligence.

The evidence as to the odor of gas was clearly admissible. It tended to prove negligence more or less strongly according to the strength of the odor and the length of time it was perceptible. How far it was the ordinary and unavoidable result of gas pipes in the course of years, and how far it was excessive and exceptional and therefore calling for investigation was for the jury to determine.

The complaint that the charge was inadequate in not furnishing the jury with any standard by which to measure the duty of defendant cannot be sustained. The court gave the jury very fully the usual definition of negligence as the absence of care, caution and diligence according to the circumstances, and the burden of proof on the plaintiff. And with special reference to the duty of appellant, he said " The rule, as we have said, is that natural gas companies are held to a degree of care which is commensurate with the dangerous character of the agency which is handled. The measure of care is not that of an insurer to every one who sustains loss by reason of gas escaping and exploding, but it is liable for an explosion where it knew or by the exercise of ordinary care should have known of the defect in its pipes or mains. That, gentlemen, briefly defines the position of the law, or the rules to which the defendant must be held, not to be an insurer against every accident, because there are many contingencies which might arise where a defendant by the exercise of the best care that human effort could give under certain circumstances could not possibly avoid accident, and the law does not require the highest possible degree of care, but that ordinary care and prudence demanded by the character of the agency handled."

This was a fair statement of defendant's measure of duty which the jury were to apply: Koelsch v. Philadelphia Co., 152 Pa. 355 ; Heh v. Gas Co., 201 Pa. 443.

Judgment affirmed.