# Stoner v. Pennsylvania Fuel Supply Company, Appellant.

*Negligence—Natural gas company—Explosion of gas—Evidence—Contributory negligence—Case for jury.*

1. In an action against a natural gas company to recover damages for injuries arising from an explosion of gas in plaintiff's cellar, the case is for the jury where there is evidence tending to show that the gas could only have come from one of defendant's gas lines, and that it could have escaped from a break in such line.

2. In such a case the plaintiff's contributory negligence is also for the jury where the evidence shows that the plaintiff lighted a match in the cellar; that the service pipes in the cellar were in a good condition; that there was a large amount of cubic air therein; that there were five open windows, an open cellar door and an outside door full of cracks; that there was an open gaslight burning in the cellar a few feet from the point of explosion; and that plaintiff's method of ascertaining the source of the leak was a proper one according to expert testimony.

3. In such a case an employee of the defendant is not competent to express an opinion that it was impossible for gas to escape from defendant's line into plaintiff's cellar, where he gives no facts upon which such an opinion may be stated.

Argued May 10, 1909. Appeal, No. 129, April T., 1909, by defendant, from judgment of C. P. Armstrong Co., June T., 1908, No. 151, on verdict for plaintiff in case of John B. Stoner v. Pennsylvania Fuel Supply Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for injuries sustained from an explosion of natural gas in plaintiff's cellar. Before PATTON, P. J.

The opinion of the Superior Court states the case.

*Errors assigned* were various rulings on evidence and instructions.

*Orr Buffington* and *C. E. Harrington*, for appellant.—There is no presumption of negligence from the explosion of gas: McKenna v. Gas Co., 193 Pa. 633.

Plaintiff was guilty of contributory negligence: Monongahela City v. Fischer, 111 Pa. 9; Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 306; Lynch v. Erie City, 151 Pa. 380; Butler v. R. R. Co., 126 Pa. 160; Mitchell v. Stewart, 187 Pa. 217; Kibele v. Philadelphia, 105 Pa. 41; Hartman v. Gas Co., 210 Pa. 19; Plonk v. Jessop, 178 Pa. 71; McCoy v. Gas Co., 213 Pa. 367.

*E. O. Golden*, for appellee.—The case was for the jury: Shirey v. Gas Co., 215 Pa. 399; Mose v. Gas Co., 4 Fost. & F. 324.

Opinion by Beaver, J., October 11, 1909:

This case was clearly for the jury. It bristled with facts seriously disputed. Was the defendant guilty of negligence? This, as the court below clearly intimated in its reply to one of the plaintiff's requests for charge, could not be presumed. It must be established by competent evidence, and as to it there was, as we view it, abundant testimony from which the jury could legitimately find the negligence of the defendant, without which it was impossible for the plaintiff to recover.

The action was for damages arising from the explosion of gas in the plaintiff's cellar, which, from the very nature of the case, must have come from one of three distinct and several sources. Defendant attempted to show that it was impossible for the gas which unquestionably collected in the cellar of the plaintiff's house to have escaped from its line of pipe. On the other hand, the plaintiff attempted to show that there was no other source from which the gas could have escaped, except the line of pipe belonging to the defendant, the Karns line being, as was alleged, practically new and in thorough repair, and the Pew line, as it was called, having no gas in it near the plaintiff's hotel, being what is called in gas parlance a dead line. If these facts were true, these last two sources were eliminated and it left the defendant's line the only one from which the gas could escape and collect at the place where the explosion occurred. There was evidence of a broken **T** on the defendant's line and that, after it was removed, no gas escaped. It is, therefore, manifest that there was testimony relating to the necessary facts from which the jury could legitimately reach a conclusion as to the defendant's negligence.

Was the plaintiff guilty of contributory negligence? This question also depended upon the finding of the jury as to disputed facts. When the defendant descended to the cellar to make an examination in reference to the escape of gas, was the cellar open? Was it a fact, as testified by the plaintiff's witnesses, that a door and five windows, through which any gas which might have collected there could escape, were open? Was it a fact that there was a gas jet burning in the cellar, so that, if the gas was there in quantity, it would have necessarily exploded? Was it true, as alleged by the plaintiff, that the smell of gas was more noticeable on the second floor of the hotel than in the cellar? Was he, therefore, justified in lighting a match, in order to ascertain whether or not there was a small leak of inconsiderable amount which could only be ascertained by bringing a light in close contact with the place at which the leak occurred? These were questions upon which the jury alone could pass, and it seems to us clear that, under the circumstances, the court would not have been justified in determining either that the defendant was not negligent or that the plaintiff had contributed in any way by negligence to the accident which occurred by reason of the explosion of the escape of gas under the pavement into the cellar of his house.

In Hartman v. Citizens' Natural Gas Co., 210 Pa. 19, the rule, as laid down by the court below, quoted with approval by the Supreme Court, was: "The rule . . . . is that natural gas companies are held to a degree of care which is commensurate with the dangerous character of the agency which is handled. The measure of care is not that of an insurer to every one who sustains loss by reason of gas escaping and exploding, but it is liable for an explosion where it knew or by the exercise of ordinary care should have known of the defect in its pipes or mains. That, gentlemen, briefly defines the position of the law, or the rules to which the defendant must be held, not to be an insurer against every accident, because there are many contingencies which might arise where a defendant by the exercise of the best care that human effort could give under certain circumstances could not possibly avoid accident, and the law does not require the highest possible degree of care, but that ordinary

care and prudence demanded by the character of the agency handled:" Koelsch v. Philadelphia Co., 152 Pa. 355; Heh v. Gas Co., 201 Pa. 443.

In Plonk v. Jessop, 178 Pa. 71, Mr. Justice MITCHELL, delivering the opinion, said: "The knowledge of the explosive character of gas certainly may be presumed to be general among persons who have it in their houses, and plaintiff admitted such knowledge. But how far a smell of gas indicates a leak that may safely be searched for with a match or candle, and at what point it means danger of explosion in so doing, is a question requiring judgment and some experience. Plaintiff had seen indications of a leak, had seen it searched for by defendant's men with matches and a light, and had then been told that everything was right. When after that he smelled gas it could not be said as a conclusion of law that he necessarily had reason to suppose he would find anything more than a leak that might be safely searched for with a light as he had seen done by the defendant's men earlier in the day. He may have been negligent in going into the attic as he did, but we think it is for a jury and not the court to say so."

In the case under consideration, the question of the plaintiff's contributory negligence was quite as much for the jury as in that above cited. There was here evidence that the service pipes in the plaintiff's cellar were in good condition; that there was a large amount of cubic air space in the cellar; that there were five open windows and an open cellar door, with the outside door full of cracks, giving abundant vent for any accumulation of gas which may have found its way from the gas main in front under the pavement into the cellar. It was also in evidence that there was an open gas light burning in the cellar a few feet from the point of explosion. Expert plumbers also testified that the manner in which the plaintiff sought to ascertain the source of the leaks in the pipe was a proper one. It seems to us clear, therefore, that the question of contributory negligence, as the court instructed the jury, was not for the court but for the jury. It follows that the answer of the court to the defendant's first point, that "Under all the evidence in this case, a verdict must be directed for the defendant," which was refused, was entirely

proper. And so of all the points of the defendant which were refused, in which the defendant sought to secure the affirmance of a point which made it incumbent upon the jury to find for the defendant. The court affirmed none of these points in the form stated, but did qualify the refusal in such a way as to affirm the general principles of the law relating to negligence and contributory negligence on the part of the defendant and plaintiff, respectively.

The defendant called as a witness H. J. Crawford. After a preliminary question as to his hearing of the testimony previously offered in the case, he was asked: "Q. State whether or not, from your own knowledge of the Pennsylvania Supply Company's line, in your judgment, whether it is possible for gas to escape from the main line of the Pennsylvania Fuel Supply Company's line and seek its way in the cellar of the Globe Hotel?" This was objected to as incompetent and irrelevant, and the objection was sustained. In this we think the court was clearly right. It was not a question upon which the opinion even of an expert was competent. The jury could draw their conclusions from the facts of the case quite as fully and completely as could a person engaged in the gas business, as this witness had been in previous years. Although he had been a superintendent of the defendant company and had a general knowledge of its lines, he could not, in the nature of the case, have given an opinion based upon the facts without an examination of the lines, which in front of the defendant's hotel were covered to a considerable depth by stone and dirt. He was, of course, competent to testify as to facts but not as to his opinion based upon facts of which he had no direct and immediate knowledge. The testimony of witnesses as to the condition of affairs in the immediate vicinity of the locus in quo and of the manner in which leaks in service pipes are ordinarily ascertained, objected to by the defendant, was, in our opinion, properly admitted.

We have read with care the charge of the court and the answers to points for charge of both plaintiff and defendant and are at a loss to discover anything therein of which the defendant can fairly complain. The case was fully covered in the charge,

the testimony of plaintiff and defendant being rehearsed in such a way as to recall the main facts to the attention of the jury. The rights of the defendant were carefully guarded and the duty of the plaintiff as to the necessity for showing by a preponderance of the testimony the negligence of the defendant and that his case was clear of contributory negligence fully explained. Although there are twenty-one distinct assignments of error, they are argued under four general propositions to which we have alluded in such a way as to cover the entire case.

.The case was fairly tried and adequately presented to the jury, the verdict was reasonable in amount, and we can see no sufficient reason for any interference on our part.

Judgment affirmed.