J. C. ASBURY, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, February 5, 1912.

1. STREETS: Dedication: Inhabitants: Use. The inhabitants of a city stand to the officers as principals, and if the principals have by their conduct accepted the dedication of a street, it is of no great importance that the agents have taken no action in the matter. The inhabitants of a locality having by a long continued use treated the way as a public one, they make it such without the intervention of those who derive their authority from them.

2. ———: ———: Alley: Negligence. A city is duty bound to keep its alleys in a reasonably safe condition for travel, and if one driving a wagon is injured by the wheel dropping into a hole and throwing him out, the city is liable.

Appeal from Jackson Circuit Court.—*Hon. Herman Brumback,* Judge.

AFFIRMED.

*John G. Park, James W. Garner* and *F. M. Hayward* for appellant.

(1) Defendant's demurrer to the evidence should have been sustained on two grounds, (a) because there was no evidence that the alley which only existed on paper had ever been thrown open to the public. Downend v. Kansas City, 156 Mo. 60; Ely v. St. Louis, 181 Mo. 724. (b) Because plaintiff on his own evidence wes guilty of contributory negligence—if the alley in question was a public highway. Cohn v. Kansas City, 108 Mo. 387; Wheat v. St. Louis, 179 Mo. 572; Knight v. Baltimore, 97 Md. 647; King v. Cohn, 125 Mich. 511; Yahm v. Ottumwa, 60 Ia. 429; Woodson v. Met., 224 Mo. 685; Ryan v. Kansas City, 232 Mo. 471. (2) The court erred in giving instruction two because the city is not required to exercise the same degree of care in respect to an alley, if it be an alley; as in the case of a public street. Bagley v. People, 43 Mich. 355; Horton v. Williams, 99 Mich. 427; Debolt v. Carter, 31 Ind. 355. (3) The court erred in refusing instruction C. Jackson v. Kansas City, 106 Mo. App. 52. (4) The verdict of the jury was excessive. Nicholds v. Plate Glass Co., 126 Mo. 68.

*Reed, Yates, Mastin & Harvey* for respondent.

ELLISON, J.—Plaintiff was injured by being thrown from his wagon while driving along one of the alleys of the defendant city. He charged negligence on the part of the city in permitting the alley to become unsafe for travel, and brought this action for damages.

The alley was in a thickly settled part of the city, while not in or near the principal business section, yet the rear of one or more business places were on it, and plaintiff had occasion to drive into it to get some empty barrels he had bought of a baker, the rear of whose

place came back to the alley. He sat on a high spring seat with his boy beside him and drove in from the south, loaded his barrels, got back on the seat and started back south. There were two holes or cuts in the alley, nearly eighteen inches in depth and filled with water and slush and mud so as not to be distinguished from the general surface. The east front wheel went into one and plaintiff protected himself by leaning to the west, when, a few steps further on, the west wheel dropped into another with such suddenness, and to such depth, as to throw, or as he expressed it, to "pitch" him off the seat against an abutting brick wall and to the ground. His leg was broken in two places.

When the case was called for argument defendant's counsel stated it in such persuasive way that we were inclined to say, with him, that the alley had never been acknowledged, accepted or used by the city to sufficient extent to make it responsible for mishaps to those who chanced to use the alley. But an examination of the record shows more acts of recognition than we then believed. In the first place the alley was platted with that part of the city, by approval of the city council, as much as twenty-five years ago, and the city has built up around it until, indeed, its location shows it to be somewhere near the center. An ordinance of the city established a sewer through the alley, and the street curbing curved in on each side, and thus marked the alley way for vehicles which might wish to turn in, and the rear of premises of different property owners abutted on its line, though this mark was not continuous. Besides this there was evidence of a travelled way along its length. "Fresh tracks where it had been used right along; wagons going in and going out," was one statement. "It had been used right along; every one else was using it," was another, and "from six to twelve wagons passed through every day," was another statement.

We think this was sufficient evidence to sustain a verdict of acceptance by the city. "The inhabitants of a locality having by long continued use treated the way as a public one, they make it such without the intervention of those who derive their authority from them; . . . and they may themselves exercise the powers of government of highways quite as effectually by continued use as by any other method." This extract is said by Judge LAMM, in Benton v. St. Louis, 217 Mo. 687, 705, to be a correct statement of the law. [Curran v. St. Joseph, 143 Mo. App. 618.] The fact that the place in controversy was an alley does not absolve the city from keeping it in reasonably safe condition for travel. This is recognized in Mehan v. St. Louis, 217 Mo. 35, 46. And it is so stated in Elliott on Roads and Streets, Section 25. An alley is but a narrow street.

The holes had been observed by different persons; some two months, some three months, and others more than a year.

The instructions for plaintiff were within the rule as laid down in the Benton case, and the facts, in important particulars, are like those in Heberling v. Warrensburg, 204 Mo. 604, and same case in 133 Mo. App. 544. Those for defendant clearly warned the jury that it was plaintiff's duty to use ordinary care to avoid any obstructions or dangers in the street, and that if he saw, or by exercise of ordinary care, could have seen the obstruction, he could not recover. In addition, the jury was directed that if there was a reasonably safe way over which plaintiff could have driven out of the alley, and that plaintiff knew or might have known the part in which the holes were located was not reasonably safe, and negligently failed to use the safe way, he could not recover. These instructions in connection with those for plaintiff properly presented the issues which the jury were to determine. We see no ground for exception to the re-

fusal of defendant's instruction "C". All that was proper therein was included in instructions given; and other parts of it submitted an argument to the jury.

The verdict is said to be excessive. It was for $7,500. In view of the serious injury done plaintiff we cannot say the jury went beyond reason in fixing upon that amount. His leg was broken in two places, one place within three inches of the hip, and one just above the knee. He was confined to the hospital nearly three months, and at his home, in bed, for six months. He used crutches for nearly a year thereafter, and one crutch for nearly two years. That leg became nearly three inches shorter than the other and is weaker. Considering the use of his legs in the manner of his earning a livelihood, we feel we would not be justified in interfering.

The judgment is affirmed. All concur.


ON MOTION FOR REHEARING.


PER CURIAM.—On further consideration, the court is of the opinion that in view of rulings by the Supreme Court, the verdict is excessive, and for that reason will set aside our judgment and reverse the judgment and remand the cause unless the plaintiff within ten days will enter a remittitur of fifteen hundred dollars. The costs to remain taxed against the defendant.