**BELLEVUE GAS & OIL CO. et al. v. CARR.**

No. 8183—Opinion Filed Nov. 21, 1916.

(161 Pac. 203.)

**1. Municipal Corporations—Actions for Injuries on Streets—"Alley."**

The word "alley," when used in a pleading in connection with the words "streets," and concerning the plat of a town, will be taken to mean one of the public ways of the municipality, unless the word "private" is pre-

fixed or the context requires that a different meaning be assigned to the term.

**2. Same—Duties—Care.**

(a) A municipal corporation must exercise ordinary care to know the condition of its public ways, and to keep them free from danger to those using the same.

(b) Actionable negligence arises only upon a breach of duty, and the duty itself in such case does not arise until the municipality has had sufficient notice, actual or constructive, that its public way is in an unsafe condition.

(c) The existence of facts constructively equivalent as a matter of law to actual notice of unsafe condition is ordinarily a question for the determination of the jury.

**3. Gas—Duty of Care.**

While not an insurer against unforeseen and unavoidable accidents, yet a company using the public ways of a municipality for its gas pipes in conducting its business is required to exercise the highest degree of care, and to maintain its pipes and other appliances in the best possible condition to render its business safe, and is required to use a degree of care, caution, and circumspection in keeping with the dangerous character of its business.

**4. Municipal Corporations—Action Against —Presentation of Claims.**

Section 603 of the Revised Laws of 1910, requiring the filing of an itemized, verified statement of an unliquidated claim with the city council for audit, as a condition precedent to a recovery of costs against the municipality, refers to cities only, and has no application to incorporated towns.

**5. Appeal and Error — Verdict — Amount— Personal Injuries.**

A verdict will not be set aside, in a case of tort, for excessive damage, unless it clearly appears that the jury committed some gross and palpable error or acted under some improper bias, influence, or prejudice, or totally mistook the rules of law by which the damages are regulated.

**6. Damages — Personal Injuries — Instructions.**

Instructions complained of examined, and held free from reversible error.

(Syllabus by Edwards, C.)

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by D. C. Carr against the Bellevue Gas & Oil Company, a corporation, and the town of Mounds, a municipal corporation. Judgment for plaintiff, and defendants bring error. Affirmed.

John G. Ellinghausen and C. W. Lively, for plaintiff in error town of Mounds.

Rossiter & Wright, for plaintiff in error Bellevue Gas & Oil Company.

R. K. Robertson and Burford, Robertson & Hoffman, for defendant in error.

Opinion by EDWARDS, C. For convenience and brevity the defendant in error will be referred to as the plaintiff, the plaintiff in error Bellevue Gas & Oil Company as the Gas. Company, and the defendant the town of Mounds as town of Mounds.

The plaintiff, while engaged as a scavenger and while traveling along an alley in the town of Mounds, on the night of July 13, 1915, with a lantern accidentally ignited the gas from a leaky pipe of the defendant Gas Company, causing an explosion by which he was burned and injured. The defendants were sued jointly; the plaintiff alleging that his injuries were caused by the carelessness and negligence of both of said defendants, the negligence of the defendant Gas Company in maintaining the defective gas pipe from which large quantities of natural gas was escaping, and the defendant .the town of Mounds in permitting said pipe line to remain in said condition with notice thereof. The case was tried to a jury and a verdict returned against the defendants jointly, in the sum of $4,000, upon which verdict judgment was entered. Both defendants appeal.

The town of Mounds urges three assignments of error, as follows: (1) The plaintiff failed to allege or prove that the alley in which he was injured was such an alley as made it the duty of the town of Mounds to guard persons traveling therein against injury. (2) Instructions No. 15 and No. 17 imposed upon the town of Mounds a greater burden for the protection of persons on public streets and highways than the law requires. (3) Instruction No. 16, in regard to notice, enlarges the duties and responsibilities of municipal corporations toward persons injured by defects such as the one complained of in this action.

The defendant Gas Company urges four assignments of error, as follows: (1) The judgment and verdict is excessive. (2) The court erred in giving instruction No. 21. (3) The court erred in giving instructions Nos. 8, 13, and 15. (4) The court erred in refusing to give request for instruction No. 10 of the defendant Gas Company.

The assignments will be considered in the order presented.

Upon the first assignment urged by the town of Mounds it is contended that there is no allegation or proof that the alley in which plaintiff was injured is a public alley, and for that reason the action cannot be maintained against the town of Mounds. That a city or town is not compelled to open for public use all the streets or alleys within the corporation limits but in order to render the town liable it must be pleaded and proved that the alley complained of is in fact a public highway, citing 28 Cyc. 833, 834; Beach on Public Corporations, sec. 1449; Michaelson v. City of Charleston, 71 W. Va. 35, 75 S. E. 151; Childrey v. City of Huntington, 34 W. Va. 457, 12 S. E. 536, 11 L. R. A. 313; City of Topeka v. Cook, 72 Kan. 595, 84 Pac. 376; 28 Cyc. 1363 (II).

There was no motion to make the petition more definite and certain nor demurrer thereto, nor any request to the trial court to define the word "alley," as used therein. The word "alley" seems to have been used in the Constitution, and frequently in the laws of this state in reference to cities and towns to designate one of the public ways of a municipality. The word "alley" has been defined as a narrow street. Asbury v. Kansas City, 161 Mo. App. 496, 144 S. W. 127. And when the term is used without the prefix "private," it is to be deemed a public alley. Flaherty v. Fleming, 58 W. Va. 669, 52 S. E. 857, 3 L. R. A. (N. S.) 461; Burton Co. v. City of Chicago, 236 Ill. 383, 86 N. E. 94, 15 Ann. Cas. 965; Talbert v. Mason, 136 Iowa, 373, 113 N. W. 918, 14 L. R. A. (N. S.) 878, 125 Am. St. Rep. 259; McQuillin on Municipal Ordinances, sec. 563; Elliott on Roads and Streets, sec. 24; City of Osage City et al. v. Larkin et al., 40 Kan. 206, 19 Pac. 658, 2 L. R. A. 56, 10 Am. St. Rep. 186. The allegation and proof that the injury was sustained by plaintiff while traveling along an alley connecting two of the streets in the town of Mounds, sufficiently fixes the character of the alley as one of the public ways of the town of Mounds.

The next contention of the town of Mounds is that the court erred in giving instructions Nos. 15 and 17. Instructions Nos. 15 and 17 are as follows:

(15) You are instructed that a person handling an inherently dangerous instrumentality, such as natural gas is required to use a high and great degree of care and diligence in order that no injury may be occasioned therefrom. By great care or high degree of care is meant that care or diligence usually exercised by persons about their own affairs of great importance under like or similar circumstances."

(17) "You are instructed that one handling a dangerous commodity, such as natural gas, is not an insurer against unforeseen and unavoidable accidents, but in using the public streets and alleys of a town for its pipes and appliances in conducting its business, is required to exercise a high degree of care and

caution, and to use due care and caution to maintain the best possible condition, the best appliances practicable in order to render its business safe to the general public, and to use such degree of care and caution and circumspection as is in keeping with the dangerous character of the commodity handled."

It is insisted by the town of Mounds that the use of the words, "a high and great degree of care and diligence," impose too great a burden upon the defendant. Also the defendant Gas Company, in its third assignment, urges that the giving of instruction No. 15 is error, particularly when considered in connection with instructions Nos. 8 and 13, which latter instructions, however, it admits state the law correctly, citing City of Woodward v. Bowder, 46 Okla. 505, 149 Pac. 138; Foster v. Kansas City, 114 Mo. App. 728, 90 S. W. 751; Thompson on Negligence, vol. 8, secs. 5953-5958; Rockford Gaslight, etc., Co. v. Ernst, 68 Ill. App. 300; Smith v. Boston Gaslight Co., 129 Mass. 318; Emerson v. Lowell' Gaslight Co., 3 Allen (Mass.) 410; Triple-State, etc., Co. v. Wellman, 114 Ky. 79, 70 S. W. 49, 1 Ann. Cas. 64.

The instructions 15 and 17 above quoted are not particularly applicable to the cause of action pleaded against the town of Mounds, inasmuch as they are directed to the duty owed by one handling an inherently dangerous instrumentality, and it is not contended the town of Mounds was so engaged. If the town of Mounds is liable it is for failure on its part to keep the alley in question in a reasonably safe condition for one traveling thereon. Town of Fairfax v. Giraud, 35 Okla. 659, 131 Pac. 159; Cleveland Trinidad Paving Co. v. Mitchell et al., 42 Okla. 49, 140 Pac. 416. But in so far as the defendant Gas Company is concerned, it was proper for the court to instruct the jury as to the degree of care required of one transporting a dangerous instrumentality as natural gas. In 12 R. C. L. sec. 46, p. 905, it is said:

"It is a well-established rule that a higher degree of care and vigilance is required in dealing with a dangerous agency than in the ordinary affairs of life or business which involve little or no risk of injury to persons or property, and in view of the highly dangerous character of gas and its tendency to escape, a gas company must use a degree of care to prevent the escape of gas from its pipes commensurate to the danger which it is its duty to avoid, and if it fails to exercise this degree of care and injury results therefrom, the company is liable, provided the person suffering the injury either in person or in property is free from contributory negligence. While no absolute standard of duty can be prescribed, it has been held that every reasonable precaution suggested by experience and the known danger of the escape of gas ought to be taken. The company is bound to adopt and use appliances by which it can regulate and keep under control such a volatile and explosive substance, and to inclose or protect these appliances so as to render them reasonably secure and ready for use."

In the case of Koelsch v. Philadelphia Co., 152 Pa. 355, 25 Atl. 522, 18 L. R. A. 759, 34 Am. St. Rep. 653, we take the following excerpt:

"The definitions of negligence which have been attempted imply that a higher degree of care and vigilance is required in dealing with a dangerous agency than in the ordinary affairs of life or business, which involve little or no risk of injury to persons or property. While no absolute standard of duty in dealing with such agencies can be prescribed, it is safe to say, in general terms, that every reasonable precaution suggested by experience and the known dangers of the subject ought to be taken. This would require, in the case of a gas company, not only that its pipes and fittings should be of such material and workmanship, and laid in the ground with such skill and care, as to provide against the escape of gas therefrom when new, but that such system of inspection should be maintained as would insure reasonable promptness in the detection of all leaks that might occur from the deterioration of the material of the pipes, or from any other cause within the circumspection of men of ordinary skill in the business. Something like this was said in Kibelo v. Philadelphia, 105 Pa. 41, and in Holly v. Boston Gaslight Co., 8 Gray (Mass.) 123, 69 Am. Dec. 233, and Smith v. Boston Gaslight Co., 129 Mass. 318; and the principle is recognized in many kindred cases. It requires nothing unreasonable—it does not require that the company shall keep up a constant inspection all along its lines, without reference to the existence or nonexistence of probable cause for the occurrence of leaks or escape of gas."

In a note to the case, Consolidated Gas Co. v. Connor et al., 32 L. R. A. (N. S.) 809, we find the following:

"Gas being an extraordinarily dangerous element, an extraordinarily high degree of skill and care is exacted, and the rule of ordinary care with respect to its transmission is adjusted, in view of its known dangers and probable entailments, by a standard of care proportionate to the probable dangers."

And in the case of Hashman v. Wyandotte Gas Co., 83 Kan. 328, 111 Pac. 468, it is said:

"Natural gas being inflammable and highly explosive, those who transport it are held to the exercise of great care and are required to lay and maintain pipes that are safe and secure for transporting gas, and to carefully overlook and inspect the pipes to keep them in a safe condition, and to detect and repair any leaks or defects in them."

See also, Sipple v. Laclede Gaslight Co., 125 Mo. App. 81, 102 S. W. 608: Hartman v. Citizens' Natural Gas Co., 210 Pa. 19, 59 Atl. 315; Greaney v. Holyoke Water Power Co.,

174 Mass. 437; 54 N. E. 880; Stoner v. Pennsylvania Fuel Supply Co., 40 Pa. Super. Ct. 599.

This court, in the case of Ladow v. Oklahoma Gas & Electric Co., 28 Okla. 15, 119 Pac. 250, says:

"While not an insurer against unforeseen and unavoidable accidents, an electric light company using the public streets of a municipality for its poles, wires, and appliances, in conducting its business, is required to exercise the highest degree of care, and to maintain in the best possible condition the best appliances known to the science, to render its business safe, and to use a degree of care, caution, and circumspection in keeping with the dangerous character of its business."

This latter case dealt with the use of electricity, but the principle stated is equally applicable in a case involving natural gas, for in some aspects natural gas is even more dangerous than electricity, among which is the fact that electricity is conveyed by visible objects as poles and wires generally where they may be seen and recognized, while the channels of natural gas are generally hidden and accidents therefrom result without warning. Those engaged in distributing this dangerous substance are properly required to exercise a high degree of care and caution commensurate with the known or probable dangers which may arise from any defect in the methods or appliances employed. There was no error in giving instructions Nos. 15 and 17 above complained of.

The town of Mounds also alleges that there is error in No. 16 of the court's instructions to the jury. Instruction No. 16 is as follows:

"In this case you are instructed that in order to impute knowledge of the condition of the escaping gas to the defendant, the town of Mounds, it would be necessary for the plaintiff to establish by a preponderance of the testimony that the defendant, town of Mounds, had actual or constructive notice of the particular defect causing the injury complained of. Actual notice would mean the actual knowledge of any officer or agent of the town of Mounds that such defect existed. Constructive notice, so far as this case is concerned, would be imputed if you find from the evidence that the alley at or prior to time the injury occurred was unsafe and defective, and that the plaintiff was injured by reason of said unsafe and defective alley, and that a sufficient length of time had elapsed between the time when said alley became defective and unsafe and the date of the injury to the plaintiff for the said defendant town of Mounds by the exercise of reasonable diligence, to have discovered the defects in said alley or street."

It is settled law in this state that a city or town is not liable for injuries due to defects in its highways of which it has no notice, actual or constructive. City of Woodward v. Bowder, 46 Okla. 505, 149 Pac. 138; Town of Norman v. Teel, 12 Okla. 69, 69 Pac. 791; City of Guthrie v. Finch, 13 Okla. 496, 75 Pac. 288; Town of Fairfax v. Giraud, supra; Cleveland Trinidad Paving Co. v. Mitchell et al., supra. This notice may be either actual or constructive, and the sufficiency of such notice is a question of fact to be determined by the jury under all the circumstances of the particular case, and if the defective condition or danger has existed for such a period of time that the city authorities by the exercise of ordinary care and diligence must have known of the existence of the danger and could have guarded the public against it and failed to do so, the city will be liable. City of Woodward v. Bowder, supra; City of Lawton v. Hills, 53 Okla. 243, 156 Pac. 297, not yet officially reported. An examination of the record discloses that there was sufficient evidence upon the question of constructive notice to submit the issue to the jury. One of the witnesses testified that gas had been escaping from the pipe at the points where the explosion took place for about a year, at times making a whistling noise, sufficient to be heard a distance of 80 feet away; that a ditch to repair the pipe had been dug exposing the pipe for some time; that a part of the time the ditch was filled with water and the escaping gas made a bubbling or boiling sound that could be heard some distance away; and that the smell of the escaping gas was noticeable at nearby houses. This, with the other evidence on this point, made it the duty of the court to submit the matter to the jury. The instructions complained of state the law correctly.

In conclusion the town of Mounds contends that for failure of the plaintiff to file a claim for damages against it with its town council before commencing suit, the plaintiff is not entitled to recover costs. Section 603, Revised Laws of 1910, provides that no costs shall be recovered against a city in any action brought against it for an unliquidated claim unless such claim, fully itemized and verified, has been presented to the city council to be audited. This section of the statute applies, however, to cities and not to incorporated towns such as the defendant town of Mounds. In the case of incorporated towns there is no statute requiring a claim to be filed with its board of trustees before suit as a condition of taxing cost. The statute relied upon is not applicable, and the contention therefore not tenable.

The defendant Gas Company as its first assignment urges that the injury sustained

by plaintiff is only temporary, and the judgment and verdict are excessive. With this contention we cannot agree. We have carefully examined the evidence touching upon the injury sustained by the plaintiff, and while the judgment is large, we cannot say that the size of the judgment indicates that the jury acted under any improper bias or were influenced by passion or prejudice or mistook the rules of law by which the damage was regulated, and where same do not appear this court will not disregard the jury's verdict. C., R. I. & P. R. Co. v. Pitchford, 44 Okla. 197, 143 Pac. 1146; C., O. & G R. Co. v. Burgess et al., 21 Okla. 653, 97 Pac. 271; St. Louis & S. F. R. Co. v. Richards, 23 Okla. 256, 102 Pac. 92, 23 L. R. A. (N. S.) 1032.

It is next insisted that the court erred in giving instruction No. 21. In No. 21 the court instructs the jury that in determining the amount the plaintiff should recover it may take into consideration the amount necessarily expended for a cure or attempted cure of his injuries, the reasonable or probable cost of the necessary future treatment of his injuries, if any. It is argued that there is no evidence upon which to predicate this instruction, and the record is challenged to sustain this contention. An examination of the record, however, discloses that there is evidence by the witness, Dr. Taylor, as to the amount of such charges. which evidence, we apprehend, was overlooked by counsel in preparing its brief upon this point, and for this reason the contention is not well taken.

The third assignment of defendant Gas Company goes to the correctness of instructions Nos. 8, 13, and 15 of the court's charge, which assignment has been heretofore considered and disposed of with the second assignment of the defendant town of Mounds.

The fourth and last assignment refers to the refusal of the court to give request No. 10 of defendant Gas Company. This requested instruction is loosely worded and is no more than a statement that if the jury find for the plaintiff they must take into consideration the nature of plaintiff's injuries and award no more damage than plaintiff has actually sustained. The material parts of this request were covered by the court's general instructions, and there was no error in the refusal of the court to embody this in the court's charge.

Finding no error that would warrant a reversal, the cause is affirmed.

By the Court: It is so ordered.