S. R. LEE, Plaintiff in Error, v. MRS. BESSIE SEITZ and C. E. SEITZ, Defendants in Error.

Western Section. ————— —, 1930.

Petition for Certiorari denied by Supreme Court, April 4, 1931.

A. B. Knipmeyer, of Memphis, for plaintiff in error.

L. T. Fitzhugh, of Memphis, for defendants in error.

H,EISKELL, J.  Plaintiff in error, S. R. Lee, who was defendant below, upon his prayers therefor, was allowed and has perfected an appeal in error from two judgments of the Circuit Court of Shelby County in actions for damages.  The two cases were tried together, resulting in a judgment for $1,000 in favor of defendant in error, Bessie Seitz, and a judgment for $250 in favor of defendant in error, C. E. Seitz.

Defendants in error, Bessie Seitz and her husband, C. E. Seitz, sued plaintiff in error along with First National Bank and the City of Memphis, Mrs. Seitz claiming that she had sustained personal injuries by reason of alleged negligence of the defendants; and Mr. Seitz sought a recovery for loss of services of his wife, and for damage to his automobile.  The trial judge peremptorily instructed the jury to return a verdict for defendants, First National Bank and City of Memphis, but submitted to the jury the case against plaintiff in error.

The verdict was returned on April 25th and the motions for new trial were filed by plaintiff in error and were considered and overruled on May 10th, i. e., within fifteen days; but defendants in error excepted to the action of the court in entertaining the motions, on the ground that rule 12 of the Circuit Court requires a motion for a new trial to be entered on the motion docket not later than the Thursday preceding the Saturday on which said motion will be

called and that this was not done. A motion to dismiss the appeal and affirm the judgments is now made in this court on the ground that the motion for new trial was not entered on the motion docket as required by said rule. This motion is denied. We do not see fit to deny the benefit of the appeal to the plaintiff in error, because the lower court waived the enforcement of its own rule, especially where it is not shown that the other parties did not have just as good opportunity to be heard as the rule could have afforded and were successful on the hearing of the motion. This motion is denied and the case will be considered on the appeal and assignments of error.

The alleged mishap occurred at night in an alley near Second Street, between Madison and Monroe Avenues, in the City of Memphis. Mr. and Mrs. Seitz aver that they were in an automobile, Mr. Seitz driving; and were going eastwardly in the alley when the top of the automobile struck a wooden chute extending downward at an angle from the side of an old brick building belonging to First National Bank, and which plaintiff in error, under contract with the First National Bank, was demolishing.

The declarations aver that the wooden chute constituted a dangerous obstruction in the alley; that the maintenance thereof by defendants, S. R. Lee and First National Bank, constituted negligence; that the City of Memphis was guilty of negligence in permitting the maintenance of such obstruction, and that the defendants were further guilty of negligence in failing to post warning signs at the entrance to said alley from the west.

Defendants interposed pleas of not guilty and contributory negligence.

There is little controversy as to how this accident happened. The testimony of Mrs. Seitz as compiled by counsel for defendant gives an account of it.

On April 5, 1929, she and her husband, in an automobile, turned south from Madison Avenue into the alley between Main and Second streets and stopped while her husband went into a basement barber shop to look for a friend. They then drove south in the alley until they reached an intersecting alley in the block and turned to the left in said intersecting alley, going eastwardly towards Second Street. She saw no warning signs as they turned east in the intersecting alley. They were driving rather slowly—about fifteen miles per hour,—as one "would, you know, in making a turn to go through an alley like that." "We could not see anything." It was dark in the alley. Proceeding in this half block just before they reached Second Street, the top of the car came in contact with the end of the chute. The top of the car was badly torn, the windshield was broken, broken glass fell on her and she found she had a cut on

her arm and on her leg. She fainted, and was very nervous. These cuts were merely slight scratches. Her head began to hurt; and she had never had headaches before. She went to the police station with her husband, and made a report and then went home. The next morning she called a doctor, and the doctor visited her three times. She knew building operations were under way at the point in question, having noticed the work going on there. She had passed along Second Street some days previously and knew the building on Second Street at the corner of this alley was being demolished. She had also noticed the wooden covering over the sidewalk on the west side of Second Street, which had been erected for the protection of pedestrians. The alley is narrow, but two cars could pass in the alley. It was dark, and she and her husband were both keeping a lookout ahead. She saw the warning signs afterwards at Second Street on the corner of the alley.

The testimony of C. E. Seitz is substantially the same except he says he had not noticed any demolition work going on in this block.

The proof for defendant showed that the chute was constructed in the manner customary in the demolition of brick buildings and according to directions of the city authorities. The alley was 16 feet wide and the bottom of the chute extended out over the alley just four feet from the north wall. The bottom of the chute was high enough to miss the average car, but the top of plaintiff's car was somewhat higher than most cars. It is conceded that no red lights or warning signs of obstructions were placed in said alleys which could have been seen by plaintiffs.

The principal questions raised by the assignments of error are that plaintiffs were not entitled to recover by reason of the effect of a city ordinance, and that if entitled to recover, the verdicts were excessive. The ordinance in question, which was proven is as follows:

"All alleys within the congested districts shall be one-way alleys, the direction of traffic to be designated by signs reading, 'drive in' or 'drive out.' All north and south alleys shall be entered from the south, and all east and west alleys shall be entered from the east. It shall be unlawful to park any vehicle in alleys in congested districts and to place or permit any obstruction in same day and night."

It is assigned as error that police officer Lieutenant Penney was allowed to testify that at the time of this occurrence, the alleys in the congested district were generally used by the public day or night going in either direction, and that no attempt was made by the city to enforce the ordinance in question. This same witness testified that

the one-way signs provided for by the ordinance had not been placed at the entrance to the alleys until long after this accident happened.

It is also assigned as error that the court charged the jury as follows:

> "Gentlemen of the Jury, there was some evidence offered here about a City Ordinance making these alleys one-way streets. The Court instructs the Jury that Ordinance has no application whatever to this lawsuit, and you will dismiss it from your mind."

There are in addition, several assignments based on the refusal of the Court to give special instructions asked by defendant to the effect that this ordinance precluded a recovery. This whole group of assignments bear on the question of the effect of this ordinance taken in connection with the facts of this case.

We think the testimony of Officer Penney was competent that no signs had been put up to designate which way alleys these were, and that there had been no attempt to enforce this ordinance until after this accident. If the signs had been put up and the ordinance enforced, it would have been competent to show this. The contention for defendant is that even without the signs and without any attempt by the city to enforce the ordinance, it was self-acting and operative and that plaintiffs were bound to take notice that they were violating the law and therefore guilty of such negligence as forbids a recovery. The contention of the plaintiffs in this regard is that the city had adopted the construction of this ordinance, that it was not to be considered in force until the signs "drive in" and "drive out" were put up, designating the direction in which these one-way alleys should be used and that with this practical construction placed upon the ordinance by the city, an individual should not allowed to invoke a different construction to escape the consequences of his own negligence. In other words, the ordinance is not applicable as a defense in this case.

We do not controvert the rule that mere non-enforcement of an ordinance or law does not destroy the obligation to observe it, but there is force in the argument that where the ordinance itself indicates that it was to take effect upon the signs being posted showing which way the travel was to go and no such signs had been posted and no attempt to enforce the ordinance, and the defendant knew the alley was being used without regard to direction, it indicates that the city has not considered the ordinance in effect, and that the ordinance should not apply to bar this suit.

Of course a law or an ordinance does not lose its validity by non-enforcement and the lower court did not so hold. He merely said the ordinance is not applicable to this case. A law may be in force and yet have no application to the case on trial, and where this

is true, it is not error for the judge to so instruct the jury. For the sake of illustration: Suppose permission granted by the city to some one to stretch a cable or erect a structure overhead across a street for some temporary purpose, and it is not placed high enough to allow all traffic to pass and the top of a vehicle encounters the obstruction, could the defendant escape liability because the plain·tiff was driving on the wrong side of the street when the height of the overhead obstruction was just the same. There is no question about the law of the road being in force, but would the court charge the jury as asked to do in the present case that when the plaintiff drove to the left instead of to the right, that it was negligence per se, which precluded a recovery, or would the court having in mind that the danger was the same on either side of the street simply tell the jury that the law invoked was not applicable. If the violation of that law had nothing to do with the accident; if it would or might have happened on one side of the street just as well as on the other, how better could the court instruct the jury as to the law which was being urged as a conclusive defense? Suppose the plaintiff were liable to prosecution by city or state for failure to procure a license number for his car, certainly this could not be set up as a defense because it could not in any way proximately or remotely contribute to the accident.

If plaintiff in this case had been arraigned for violating the ordinance in driving the wrong way, we do not think any court would have sustained a conviction with the proof of no signs telling which way and the proof of officers that people were allowed to drive which ever way and that no attempt had ever been made to enforce the ordinance. In passing, we call attention to the fact that defendant Lee knew of this practice to drive from west to east in this very alley and removed obstructions when he had obstructions, to permit trucks that had driven in from the west to deliver stuff to Fortune's and the Mecca Cafe, to drive through to Second Street.

Something is said on behalf of defendant Lee about a gate across the alley at the Second Street entrance, but it is clear that at the time of this accident the alley was not closed at Second Street by a gate. A gate had been used there in the daytime when work was going on, and at one time, while work was going on, there was a gate across the alley west of where this work was going on, and west of the chute, but at the time of the accident there was nothing to prevent any one from driving through this alley in either direction except the chute and that applied in either direction. Stocks, a police officer, says there had been a gate at the east with a "Closed" sign on it, but the gate had been moved so that the alley was open at Second Street entrance. J. E. Hollingsworth, Building Commissioner, says the alley was open except that when dumping of ma-

terial down the chute was going on it was barricaded. Hollingsworth evidently did not consider it important that gates or barricades with closed signs on them should be kept except during the daytime when work was going on, and he would have been entirely right about this but for this chute being too low.

But even if we consider this ordinance in full force and effect and that the trial judge should have so instructed the jury, yet he would have been obliged to tell the jury that before they could find that the violation of the ordinance would preclude a recovery, they must find that the driving east in the alley contributed to the accident in a way that driving west would not have done, and under the facts of the case, this would not have changed the result, so that the charge given, even if not technically correct, does not amount to reversible error.

A number of authorities are cited for defendant to sustain the contention that Seitz was guilty of such negligence as to preclude a recovery, but we think they are not applicable to this case. Take for illustration the case of Knoxville Ry. & Light Co. v. Vangilder, 132 Tenn., 487, holding that where a person drove an automobile in the dark on a highway so fast that he could not see an obstruction on the roadside in time to stop he was guilty of contributory negligence. Here the obstruction was overhead, the lights of the car did not disclose it. Moving at a snail's pace would have made no difference. No one has reason to expect an overhead obstruction low enough to catch the top of his car. The negligence of defendant consisted in building the chute just a little too low, or in not placing red lights in the alley as a warning of danger. Permission had been given defendants to close this portion of the alley and it might have been obstructed, with lights on the obstructions.

Counsel for defendant in support of some of the assignments of error cites authority to support the contention that an alley cannot be considered as a highway or street in any sense. The only cases cited which go this far, are those from Michigan, Bagley v. People, 43 Mich., 355, being the leading case on this question. These cases do hold as contended for by counsel. They come near holding that an alley is merely an adjunct to the adjacent property. They almost suggest the idea that no one not interested in property on the alley has a right to use it except at his peril. but this is not the rule laid down by the cases in other states. One of the cases cited for defendant, Burton Co. v. Chicago, 236 Ill., 383, says in the first headnote: "In Illinois there is no distinction in law between a public street and a public alley."

In Maryland it has been said "whatever be the law on the subject of alleys elsewhere those that are obtained by dedication or condemnation in the City of Baltimore are public highways." Van

Wetsen v. Gutman, 79 Md., 405, 29 A., 608; Baltimore v. Rosenthal, 102 Md., 298, 303, 62 A., 579.

"The word 'alley' when used in a pleading in connection with the word 'streets,' and concerning the plat of a town, will be taken to mean one of the public ways of the municipality unless the word private is prefixed or the context requires that a different meaning be assigned to the term." Bellevue Gas & Oil Co. v. Carr, 161 P., 203, 61 Okla., 290.

2 Corpus Juris 1152, referring to holdings that a public alley has been held to be a highway and governed by rules applicable thereto, cites cases from Arkansas, Missouri, Texas and other states.

Bouvier's Law Dictionary under the head of "alley" merely says "See street." No Tennessee case is cited and in the absence of any ruling by our Supreme Court, we feel justified in holding that so far as the question is involved in this case, an alley is governed by the rules applicable to streets. Incidentally the fact that these Memphis alleys were designated as one way thoroughfares, seems to contemplate a use just like one way streets.

But defendant insists that the verdicts are excessive. As to the $1000 allowed the wife: Her visible injuries were slight, a few scratches from broken glass and a few bruises, but there is evidence to support a finding that she suffered a nervous shock from which she had not recovered a year later when the case went before the jury. That she suffered from headache and backache after the accident and had not had any such trouble before. She was confined to her bed for a week and after that still suffered from the nervous shock. After a verdict of this amount approved by the Court, we cannot say that it shows passion, prejudice or caprice.

Error is assigned upon the admission of testimony as to the fretful condition of the nursing baby of Mrs. Seitz, but Dr. Bodley, a witness for defendant, says the nervous condition of the mother might well affect the child. The evidence was merely as going to show the nervous condition of the mother, not as a claim for the child.

As to the husband's verdict for $250. The estimate of Nick Farler for repairing the car amounted to $115. Doctors bills and medicine about $13. Then he says he lost her services for five or six weeks and after that she was not able to discharge her household duties as fully as before the accident. Perhaps the jury allowed something for future impairment of efficiency. Taking the testimony most strongly in favor of plaintiff, there is not much in this verdict upon which to base the charge of passion, prejudice or caprice.

This is an assignment that there is no evidence to support the verdict and that defendant's motion for a peremptory instruction should have been sustained. The view we have taken of the case we think answers there objections. The same may be said as to the

rather numerous assignments already referred to, based upon requests for instructions as to plaintiff's contributory negligence in using the alley as was done and not taking notice of the ordinance. The views of the case set out herein are intended as an answer to these assignments also and we do not consider it necessary to discuss them in further detail.

All assignments of error are overruled and the judgment of the lower Court is affirmed. Defendant below, the plaintiff in error in this Court, and surety on appeal bond will pay costs of appeal.

Owen and Senter, JJ., concur.