CHIEF JUSTICE ROBERTSON
delivered the opinion oe the court.
When Powell Street, in the southern frontier of the city of Covington, was incomplete and only partially graded, the city council permitted a citizen for the use of the materials to excavate a portion of it to the depth of eighteen feet.
On the night of the 1st of January, 1869, Richmond Bryant, a colored citizen, residing south of Powell Street, in passing from the northern portion of the city to his residence, fell into that cut and broke his thigh-bone near the hip-joint. To recover damages for that hurtful accident he brought this action against the city, and recovered a verdict and judgment for seven hundred and fifty dollars, which this appeal seeks to reverse.
The street, though incomplete, was yet under the jurisdiction of the city, which, permitting the cut, was bound to provide such safeguards as would afford reasonable security to the moving public. There was no such security when the appellee fell into the cut, and therefore, if he was on a proper occasion and in right condition prudently passing that way on so dark a night, and without culpable negligence fell into the cut, the city is legally responsible to him for compensatory damages.
The jury was substantially so instructed, and also negatively instructed, .at the instance of the city that if the accident resulted wholly or partially from his own fault or negligence he was entitled to nothing. These instructions were not erroneously prejudicial to the city; nor did the court err in refusing to instruct the jury that unless the “spot”' from which the appellee fell was within the street limits the city is not responsible for his fall. When in grading a street a deep cut is made below the sidewalks, it is the duty of the city, by *250 barricades or otherwise, to guard all prudent persons against unnecessary danger.
, On the trial the presumption from the facts may have preponderated against the appellee on the controlling question of negligence considered in its proper light, as just defined in reference to this case; but there was no such preponderance as to allow this court to disturb the verdict of the jury on that ground. Nor on the proof of the character of the injury, and its privations and expenses, can we adjudge that the verdict should be set aside for exorbitance.
Wherefore the judgment is affirmed.