# Richmond.

## ORME AND WIFE V. CITY OF RICHMOND.

### May 1, 1884.

1. MUNICIPAL CORPORATIONS—*Negligence—Case at bar.*—City of R. lowered the grade making a precipice of eight feet at intersection of two streets where there was an old and constantly used pass-way over an adjoining lot into those streets. City had placed barriers at the ends of the streets, but nothing to warn passers along the pass-way. O. ignorant of the precipice and without negligence on her part, at night, walked along that pass-way down into the precipice causing her great damage. In action of case against the city:

HELD:

    1. Plaintiff is entitled to her action against city for damages, and court below erred in sustaining demurrer thereto.

    2. Municipal corporations, in discharge of ministerial or specified duties, are liable for the misconduct, negligence or omissions of their agents. *City of Richmond* v. *Long's Adm'rs*, 17 Gratt. 375.

    3. City is bound to use all necessary measures to guard against injury to persons coming upon its streets from private ways over adjoining lots, upon that portion of its streets which may be enclosed by barriers.

Error to judgment of circuit court of Richmond city, rendered 23d February, 1881, in an action of trespass on the case, wherein Jacob R. Orme and Nannie E., his wife, are plaintiffs, and the city of Richmond is defendant. The object of the action was to recover damages for an injury received by female plaintiff before her marriage, by reason of the alleged negligence of the city's agents in lowering the grade of its streets.

The defendant demurred to the declaration and the court

below sustained the demurrer and gave judgment for the defendant. To which judgment the plaintiffs obtained a writ of error. Opinion states the facts.

*Alex. H. Sands* and *Hill Carter*, for plaintiff in error.

*A. M. Keiley*, for defendant in error.

FAUNTLEROY, J., delivered the opinion of the court:

This case is brought up upon a demurrer to the plaintiff's declaration, and raises the question as to the civil liability of municipal corporations for injuries to private persons caused by the negligence of the said corporations, or their agents, in grading and altering its streets and highways.

The facts of the case are set forth in the declaration, for that whereas the said defendant, on and before the 23d day of June, 1878, was a municipal corporation chartered by the legislature of Virginia, clothed with the powers incident to its charter as a city, and subject to all the duties and liabilities incident to such charter, and thereby it became and was, among other duties of said defendant, the duty of said defendant, while it was repairing and lowering the grade of the public streets and side-walks in said city, to so guard and arrange said streets and side-walks where there were old, well-established and constantly used walking ways, paths and roads leading into said streets and side-walks, that persons passing along said walkways and paths into said streets and side-walks should not be injured by said repairs and change of grade. And the said defendant did, on the 23d day of June, 1878, lower the grade of Twenty-second and Pleasants streets, in said city, eight feet, at the intersection of said Twenty-second and Pleasants streets, where there was an old, well-established and constantly used walkingway, path and road leading into said public streets and side-walks at said intersection, thereby making a precipitous descent of eight feet

from the edge of the end of said walkingway, path and road
into said streets and side-walks, whilst, before the said lowering
of the grade, the said streets and side-walks, and the said walk
ingway, path and road had been on a level where they came
together; and the said defendant had notice of the said facts
and of the danger likely to arise therefrom at the time of and
after the said grade was changed as aforesaid, but the said de-
fendant failed and refused from the said time of the change in
said grade, to and after the 27th of June, 1878, to so guard and
arrange the said public streets and side-walk, at the place afore-
said, or to give any notice or take any steps whatever to prevent,
persons being injured, as its duty on the premises required.
And the said Nannie E. Orme, who was then Nannie E. Taylor,
before her marriage with Jacob R. Orme, was, on the 27th of
June, 1878, in the said city, in the night-time of that day, and
when it was too dark for her to see the said precipitous descent,
walking and passing along said walkingway and path into said
streets and side-walks, as she had a right to do, and had often
done before, and being ignorant of the lowering of the said
grade, necessarily and unavoidably, and without any negligence
on her part, stepped and fell down said precipitous descent into
said public streets and side-walks, and thereby her right knee
was dislocated and other serious bodily injuries sustained by
her, and she became sick, sore, lame, diseased, bruised and dis-
ordered, and so remained from thence hitherto; during all which
time she underwent and suffered great pain, and was prevented
from attending to and transacting her necessary and lawful
business, and was, also, by means of the premises, forced and
obliged to expend a large sum, viz: the sum of $500 in the en-
deavor to get healed and cured of said sickness, wounds and
disorder, and that she, the said Nannie E. Orme and Jacob R.
Orme, sustained damage and injury arising therefrom to them
of the sum of $2,500.

To this declaration the defendant demurred, as being insuffi-
cient in law to support and maintain the action; and the cir-

cuit court sustained the demurrer, and dismissed the plaintiff's bill with costs.

Upon the case made by the facts asserted in the declaration, which, upon demurrer, must be taken as all true, we think that the plaintiffs were entitled to their action against the defendant for damages, and that the court erred in sustaining the demurrer and giving judgment for the defendant.

This court in the cases of *Sawyer* v. *Corse*, 17 Gratt. 230,.and of *City of Richmond* v. *Long's Administrator*, 17 Gratt. 375, recognized the doctrine that where a muncipal corporation acts in the exercise of powers, or the discharge of duties, in no wise discretionary or governmental, but purely ministerial in their character, it incurs, like a private person, the common law liability for the acts of its servants or agents; and in the recent case of *Barnes* v. *District of Columbia*, 1 Otto U. S. Rep. 540, the supreme court of the United States maintained the liability of municipal corporations to a civil action for injuries to a private individual, caused by their negligence in the exercise of powers or the discharge of duties under their charters. Mr. Justice Hunt, in delivering the opinion of the court in that case, said that the decisions holding "that a city is responsible for its mere negligence, are so numerous and so well considered, that the law must be deemed to be settled in accordance with them;" and he cites many of them, including the two Virginia cases, *supra*.

The case of *Detroit* v. *Blackeby*, 21 Michigan R. 84, is referred to and disapproved, whilst the conclusion of Mr. Justice Cooley, in his dissenting opinion in that case, is maintained and approved.

In the case at bar, the act of the city of Richmond in altering and lowering the grade of its streets, at the point of intersection of two streets, and just where an old, well established and long-used walkway entered the street, and its total negligence to give any notice of the sudden alteration, or to put any barrier or sign to warn the public, and the fact that the plain-

tiff in error in the night time, who had long used that accustomed way across an adjoining lot, did, in ignorance of the alteration in the street, step off a precipice of eight feet and sustain painful injuries, and suffer heavy costs and damages thereby, are all admitted in the pleadings.

The case of *Burnham* v. *City of Boston,* 10 Allen's R., page 290, is, in its facts and features, almost exactly similar to the case under review.

In that case, the city authorities had excavated one of its streets, and lowered the level of it below that of an adjoining lot of land, which was private property, across which the public had been permitted, by mere acquiescence of the owners, to pass from one street into another, and a carriage and horses, with driver and passenger, crossed this lot, and in attempting to enter from it into the adjoining street were precipitated into the excavation and severely injured. The city had put up barriers to warn and protect the public from using the street up and down its extent, yet the court held, " it cannot be maintained that a city or town would, in all cases, fulfil the duty incumbent on it by law, by merely placing barriers across a street or way to protect travelers from injury by an existing defect or want of repair, without adopting any measures to guard against accident to those who might have occasion lawfully to come on the dangerous portion of the way from private lands adjoining, and lying within the limits, which were closed against travelers approaching in other directions. * * * The plaintiff was guilty of no unlawful act in passing across these lots and in entering from them into the street. * * * Nor is there any positive rule of law which requires a person to enter on a highway in any particular manner, or at any fixed place, or which prescribes the exact mode in which he shall travel upon it. The right of a traveler to use it, and the duty of a city or town to protect him from danger and accidents, are regulated and measured by a like standard. Each must use such reasonable care as is adapted to the time, place and circumstances under which the

right is to be exercised and the duty performed. * * * It was immaterial whether travelers entered the street, and were lawfully upon it, by passing over private or public ways. In either case it was the duty of the defendants to take reasonable care to keep the way safe and convenient. It was not therefore correct to say, without qualification, that the city was not bound to use any measures to guard against injury to those who came upon the street from a private way over adjoining lots upon that portion which was enclosed by barriers."

Upon the facts of the case under review, and the authorities cited, we are of opinion that the judgment of the circuit court of Richmond city is erroneous, and must be reversed and annulled; and the case be remanded to the said circuit court, with directions to overrule the demurrer, and to be proceeded in in conformity to the views herein expressed.

JUDGMENT REVERSED.