CITY OF OMAHA v. D. F. RANDOLPH.

[FILED NOVEMBER 5, 1890.]

**Municipal Corporations:** UNSAFE STREETS. The plaintiff, in driving into the city of Omaha after dark, followed from Twenty-eighth to Twenty-seventh street a public way that had been used by the public for years, although it had never been laid out as a road. The city was at the time grading Twenty-seventh street and had excavated the same perpendicularly to a depth of three feet at the intersection of this road, but placed no barriers or lights at or near the same. It being dark the plaintiff was unable to see the condition of the street and his team was precipitated into the excavation, causing the plaintiff to receive permanent injuries. *Held,* That the city was guilty of negligence.

ERROR to the district court for Douglas county. Tried below before DOANE, J.

*A. J. Poppleton,* for plaintiff in error, cited: *Goodwin v Des Moines,* 7 N. W. Rep., 411; *Beardsley v. Hartford,* 50 Conn., 529; *Sparhawk v. Salem,* 1 Allen [Mass.], 30; *Tisdale v. Norton,* 8 Met. [Mass.], 388; *Zettler v. Atlanta,* 66 Ga., 195; *Stark v. Lancaster,* 57 N. H., 88; *Cobb v. Standish,* 14 Me., 198; *O. & R. V. R. Co. v. Martin,* 14 Neb., 296.

*John W. Lytle, contra,* cited: *Palmer v. Lincoln,* 5 Neb., 136; 2 Thompson, Negligence, 745, 746, 762, 787; *Cantwell v. Appleton,* 37 N. W. Rep., 813; *Burnham v. Boston,* 10 Allen [Mass.], 290; *Goodwin v. Des Moines,* 7 N. W. Rep., 411; *Glidden v. Moore,* 14 Neb., 90; *Willard v. Newberry,* 22 Vt., 458; *Batty v. Duxbury,* 24 Vt., 155; *Ray v. St. Paul,* 42 N. W. Rep. [Minn.], 297; *Foxworthy v. Hastings,* 23 Neb., 772; *Warner v. Holyoke,* 112 Mass., 362.

NORVAL, J.

This suit was brought by the defendant in error against the city of Omaha, in the district court of Douglas county, to recover for personal injuries. The plaintiff below obtained a verdict for $1,000.

The defendant in error resides on a farm west of Omaha. On the evening of October 27, 1886, he drove into the city with a load of hay, passing down Leavenworth street to Twenty-eighth street, thence north on Twenty-eighth street a short distance, where he followed a public road which angles across a block of ground belonging to the Catholic society, to Twenty-seventh street. In attempting to reach the latter street from this road, the load of hay overturned, the wagon was broken, and Randolph received serious permanent injuries. At the point where the accident occurred the city was grading Twenty-seventh street, having excavated the same to the depth of three feet below the natural surface of the ground. No barricade or signal lights were placed by the city at or near the junction of this road with Twenty-seventh street.

The testimony shows that for many years the public had used this road across the private property, although it had never been laid out as a street or highway. There is in the bill of exceptions testimony tending to show that this roadway at its intersection with Twenty-seventh street

was not graded down to the street level, but that the street at that point was excavated perpendicularly to the depth of at least three feet; that on account of the darkness of the night Randolph was unable to see the condition of Twenty-seventh street, and that when his horses reached it they were precipitated down into the excavation. It also appears that the plaintiff passed safely over the same road on Friday prior to the accident with a load of hay. The plaintiff called several witnesses, who testified that this road was usually traveled by the public; that Twenty-seventh street was at the time being excavated by the city, and at the place the accident occurred it was graded to the depth of three feet, and that Leavenworth street between Twenty-seventh and Twenty-eighth streets, on account of its being graded, was not in a safe condition for travel.

The testimony of a number of defendant's witnesses is to the effect that this roadway, at the point of intersection with Twenty-seventh street, had been graded or sloped back from the street, making a fall of three or four feet in a distance of twenty-five feet; that this was done by L. J. Leming, who was then excavating for a cellar for a school house on this block of ground, in order that his loaded wagons could pass from this road to the street, and that it was then in such condition that a team could haul a thousand brick or a yard of sand or gravel up the embankment. The record discloses that at the time of the trial the road at the point where the accident occurred was in the same condition as on the night of October 27, and that the jury viewed the premises. The verdict of the jury settled the controverted facts in favor of the plaintiff below, and must be accepted by us as final.

The defendant city requested the court to give the following instructions:

"First—The jury are instructed that the plaintiff cannot recover unless the testimony satisfies you that the plaintiff was free from contributory negligence, and the

burden of proof is upon the plaintiff to show that he was free from contributory negligence.

"Third—The city is not bound to maintain approaches to the streets to or from private property, and when persons seek to enter upon the streets from private property they take upon themselves the responsibility of knowing that the entrance way is safe and not dangerous.

"Fourth—If the jury find that Mr. Randolph was attempting to enter Twenty-seventh street from a roadway which was upon and across private property, and which roadway was not one of the public streets of the city of Omaha, and that Mr. Randolph met with the accident while so passing over said private roadway, and not while traveling in and upon a public street of the city, then the city is not liable in damages and your verdict should be for the defendant.

"Fifth—The obligation upon the city to keep the streets in a good condition for travelers passing along the streets, applies only to the public streets of the city, and does not apply to approaches to the public street from private roadways which are across private property, even though such private roadways may be used more or less by the public, and if the jury find that the roadway over which the plaintiff was passing was such private roadway as distinguished from a public street of the city, and that the plaintiff was injured in driving over an embankment into the street at the side of the street and not from any imperfection in the street itself, then the city is not liable and your verdict should be for the defendant."

Each of these requests were refused, and the court, among other things, charged the jury as follows:

"Third—If you believe from the evidence that a roadway had existed for many years over and across the block of private ground, which had been much used by the public in general as a highway to reach Twenty-seventh street from Leavenworth street so that it became known and was

used as a common way for travel by those who had occasion to pass between Leavenworth street and Twenty-seventh street in going to and returning from the business part of the city, and so as to render it necessary for the city, in the exercise of due and reasonable care, to provide barriers or signals at the terminus of such roadway at Twenty-seventh street, where the accident to plaintiff occurred, as a warning to persons coming or going over said roadway and to prevent such persons in the exercise of due reasonable care from falling or driving over the bank made by excavating Twenty-seventh street in the process of grading the same, and if you find the city unreasonably and negligently failed to erect such barrier or to place such signals, the jury would be justified in finding the city guilty of negligence, and unless the plaintiff was guilty of some act of negligence contributing to his injury he would be entitled to your verdict.

"Fourth—If you find from the evidence that the city was guilty of negligence under the last instruction, you will then inquire whether the plaintiff was guilty of any negligence on his part which contributed substantially to produce the injury complained of. If you find he was guilty of such contributory negligence, your verdict should be for the defendant."

It is urged by the plaintiff in error that the third paragraph of the charge given by the court does not correctly state the law of the case and that the requests asked by the city should have been given. The question raised by the instructions given and refused is, whether the city was guilty of negligence in not placing barriers or danger signals to prevent persons entering Twenty-seventh street from this roadway traveled by Randolph. Had the road in question been a private way, not traveled by the public generally, then the law expressed in the defendant's requests would have been applicable. The testimony clearly shows that the road traveled by Randolph was not a pri-

vate way, but a highway that had been generally used by the public for more than ten years. The question is therefore fairly presented, whether the city was under any legal obligation to erect railings, or to place lights where its streets are excavated perpendicular, at the intersections of public traveled roadways, several feet below such roadway. While a municipal corporation is not required to erect barriers or place danger signals to prevent persons from receiving injuries in entering its streets by private ways, yet it is bound to provide such guards or signal lights in the street at dangerous places to prevent travelers from receiving injuries in entering such street by a usually traveled public road, although such road was never laid out as a highway or street. The plaintiff, and others traveling the road in question, had a right to expect that Twenty-seventh street was in a safe condition for travel. We are of the opinion that the city authorities were guilty of negligence in not placing barriers or lights at or near where the accident occurred.

The authorities cited in the brief of the plaintiff in error do not sustain a contrary doctrine. The principal case is *Goodwin v. Des Moines,* 7 N. W., Rep., 411. There the plaintiff, in following a private way across a vacant lot, fell down an embankment into the street and was injured. It was held that the city was not liable.

The case of *Omaha & Republican Valley R. Co. v. Martin,* 14 Neb., 296, is not in point. Martin, in following an old abandoned road, fell into an excavation made by the railway company within its right of way and received personal injuries. The company had neither erected barriers to prevent persons from falling into the excavation, nor constructed a crossing where the railroad crossed the abandoned track. It was held that the company was not guilty of negligence.

Both of these cases are clearly distinguishable from the one at bar. The facts are entirely different. In the Iowa

case the plaintiff entered the street by a private way, and in the Nebraska case the injury was received while following an old road that had been abandoned for months.

This case was submitted to the jury upon proper intructions and the judgment of the district court is

AFFIRMED.

THE other judges concur.