Richmond.

## WHEAT V. CITY COUNCIL OF ALEXANDRIA.

### February 4th, 1892.

1. FRANCHISES—*Streets*—*Pipes.*—The right to dig up streets for the purpose of laying water or gas-pipes is a franchise which can only be granted by the legislature or by the city under legislative authority.

2. IDEM—*Charter*—*Ordinance*—*Case at bar.*—The legislature, in 1850, chartered a company to open streets, &c., in a city to lay water-pipes, provided they be, as soon as practicable, repaired by the company at its own expense, subject to the approval of the superintendent of police or the council. That council, in 1889, ordained that no person should open the streets, &c., without previous permission from the mayor, and depositing with the city treasurer such a sum as the committee on streets should deem sufficient to repair the street, under a penalty.

HELD:

The ordinance was *ultra vires.*

Error to judgment of circuit court of city of Alexandria, rendered March 18th, 1890, affirming a judgment of the mayor of said city, imposing a fine on the plaintiff in error, Benoni Wheat, for violating a city ordinance. Opinion states the case.

*S. F. Beach* and *J. M. Johnson*, for plaintiff in error.

*S. G. Brent* and *E. B. Taylor*, for defendant in error.

LEWIS, P., delivered the opinion of the court.

The plaintiff in error is the president of the Alexandria Water Company, which was chartered by the legislature in 1850. The seventh section of the act of incorporation reads as follows:

· "That the said company shall be authorized to open the streets, lanes, alleys, and public squares in said town for the purpose of laying pipes for distributing water; provided, that when the same shall be opened for that purpose they shall, as soon as practicable, be repaired by the said company at their own cost and expense, subject to the approval of the superintendent of police of said town, or the common council thereof." Acts 1849–'50, p. 146.

On the 16th of October, 1889, the city council passed the following ordinance;

· "Be it ordained by the city council of Alexandria, That no person or persons shall break or dig up any portion of a street or alley without first having obtained the written permission of the mayor, and depositing with the city treasurer such sum of money as the committee on streets may deem sufficient to secure the repair of the street or alley. Any person violating this ordinance shall pay a fine of twenty dollars."

On the 5th of December, 1889, the plaintiff in error was fined twenty dollars by the mayor of the city for an alleged violation of this ordinance; that is to say, for digging up, as the agent of the water company, one of the streets of the city for the purpose of laying water-pipes therein, without the written permission of the mayor, and without having given the security for the repair of the street required by the ordinance.

This judgment was, on appeal, affirmed by the circuit court, and is now before this court for review, the single question being whether or not the ordinance is valid.

The principles underlying the case are few and simple. It is familiar law that full and paramount authority over highways, including streets, belongs to the legislature, unless restrained by the constitution. The right, therefore, to dig up the streets of a city for the purpose of laying water or gas-pipes therein, is a franchise which can be granted only by the legislature, or by the city under legislative authority. 2 Dill. Munc. Corp. (4th ed.), sec. 656 (518); *N. O. Water-works* v. *Riv-*

*ers*, 115 U. S. 674; *N. O. Gas Co. v. La. Light Co., Ibid;* 650; *State v. Cin. Gas Co.*, 18 Ohio St. 262; *Jersey City Gas Co. v. Dwight*, 29 N. J. Eq. 242.

This right, in the present case, has been granted to the water company, and in very comprehensive terms. The seventh section of the charter grants it unconditionally—the only express limitation annexed to the right being that the streets, after being opened, shall be repaired by the company at its own expense, as soon as practicable, and subject to the approval of the city authorities.

The ordinance, however, not only assumes to regulate the repair of the streets, after the pipes have been laid, but it goes further, and, in effect, makes the statutory right *to open* the streets dependent upon the will of the mayor and street committee. This is *ultra vires.* It conflicts with the seventh section of the company's charter, and is, therefore, not a valid exercise of the general power conferred by the charter of the city to keep its streets in order; for there is no conflict between the two charters. The provisions of both can easily stand together.

It is not doubted, that the city council may prescribe regulations, touching as well the opening as the repair of the streets by the water company, which are not inconsistent with the essential rights granted by the company's charter. *Commissioners v. Gas Co.*, 12 Pa. St. 318; *N. O. Gas Co. v. La. Light Co.*, 115 U. S. 650, 671. Thus it may require the company, in opening streets, to take due precautions against accidents to persons and property, as by providing suitable safeguards for that purpose, including lights, when necessary, at night; that it give reasonable notice to the proper city authorities before digging up the streets, etc. But the ordinance complained of goes beyond this. It is not a reasonable regulation, but is rather an illegal restraint, and therefore void. Indeed, if sustained, it might amount to an absolute prohibition; for should the mayor in any case arbitrarily

refuse permission to the company to prosecute its work in the streets, such refusal would not only impair the unconditional right conferred by the legislature, but would virtually destroy it. We cannot think that an ordinance which is capable of leading to such results can be sustained consistently with any fair construction of the company's charter.

If rights and privileges have been conferred upon the water company which are, or may become, injurious to the public health or the public safety, it is competent for the legislature to alter the charter. We can only construe it as it is.

LACY, J. (dissenting), said:

The Alexandria Water Company of Alexandria was incorporated March 22, 1850, for the purpose of supplying water to the citizens of Alexandria. By the seventh section of its charter it is enacted "that the said company shall be authorized to open the streets, lanes, and alleys and public squares in said town [now city] for the purpose of laying pipes for distributing water; provided, that when the same shall be opened for that purpose, they shall, as soon as practicable, be repaired by the said company, at their own cost and expense, subject to the approval of the superintendent of the police of said town or common council thereof." The city council of Alexandria is by its charter invested with the usual powers delegated to municipal corporations over streets, to make repairs, open, extend, regulate, pave, and improve them, and to pass all necessary ordinances for the purpose, not inconsistent with the laws and constitution of the state. The city council, by authority of their said charter, enacted the following ordinance to secure the repair of streets and alleys, on the 16th of October, 1889: "Be it ordained by the city council of Alexandria, that no person or persons shall break or dig up any portion of a street or alley without first having obtained the written permission of the mayor, and depositing with the city

treasurer such sum of money as the committee on streets may deem sufficient to secure the repair of the street or alley. Any person or persons violating this ordinance shall pay a fine of twenty dollars." The plaintiff in error, the Alexandria Water Company, disregarded this ordinance, and was fined $20 by the mayor of the town. The circuit court of said city, upon a writ of error thereto, affirmed the said judgment, and the water company came here by writ of error. The water company admits the foregoing, but defends the proceedings against it upon the ground that the ordinance of the city council is *ultra vires*, and in conflict with the act of incorporation of the water company, and is null. And this contention is sustained by the opinion of the majority of this court, and the judgment of the circuit court is reversed. I dissent, because the ordinance is not in conflict with the granted powers of the city water company, but a mere regulation of the manner in which it should exercise its corporate powers. The regulation is within not only the powers of the city government, but in the line of its plain duty. It is the duty of the city council to control the streets, and they have the responsibility of keeping them in good order and repair, and for any failure to do this the city is responsible, and must respond in damages to any person injured by the failure to keep the streets in proper condition. *Noble* v. *City of Richmond*, 31 Gratt. 274, and authorities cited in that case; *Clark* v. *City of Richmond*, 83 Va. 358; 2 Dill. Mun. Corp., § 789, and cases cited; *Orme* v. *City of Richmond*, 79 Va. 86, and cases cited. The only object and the only effect of the ordinance is to secure the repair of the streets and alleys of the city. It was in the line of the chartered rights of the water company, and not contrary to them in degree. The charter of the water company made its right to open and its duty to repair the streets so opened, subject to the control of the city council. The council does not by its ordinance hinder, delay, nor in any degree obstruct the exercise of the water company's rights, but regulates and controls.

The charter of the water company does not provide specially when the streets shall be opened, nor when they shall be closed. The object of the ordinance was to have notice brought home to the city officers of the time when and the place where the streets should be opened, that the city might guard the pitfalls by day and light them by night, for the protection of the public, and for the city's protection from loss; and to provide the means to secure their prompt repair when that was necessary and proper. All this is the province and within the city's duty. Without it the city's redress against the negligence of the water company was slow and tedious by suit. With it the repairs could be promptly made, where proper to be made, at the expense of the proper party. This is a wise regulation, and in conflict with no law. The money deposited was not diverted from the water company, but held for the benefit of that company; and when the particular excavation was closed in and properly repaired in the judgment of the street committee, the money was returned. It may be argued that the water company would repair the hole in the street in their own interest, and this they might do, according to their judgment, properly. But the law vests in the city authorities the right to determine this question. The two charters of the city and the water company must be read together, and when they are the ordinance is plainly right, and in the line of the city's duty, and is a valid exercise of the city's chartered powers. *R. F. & P. R. R. Co.* v. *City of Richmond.* 26 Gratt. 83. Opinion of Judge Christian and authorities cited. See, also, late case of *Gas Co.* v. *City of Roanoke, post;* opinion of Richardson, J., and authorities cited. For the foregoing reasons I dissent from the opinion of the majority of the court, and I am of opinion that the judgment of the circuit court of Alexandria city is right, and ought to be affirmed.

HINTON, J., also dissented.

JUDGMENT REVERSED.