## DE LONG v. OKLAHOMA CITY.

No. 1546.    Opinion Filed June, 30, 1914.

Rehearing Denied May 11, 1915.

(148 Pac. 701.)

**MUNICIPAL CORPORATIONS—Streets—Excavation—Personal Injuries—Liability of City.** Where a city, in bringing a street to grade, excavates such street to a depth of several feet at a point where it intersects with a well-established road which has been constantly traveled for years (although such road has not been laid out as a street), and by such excavation creates and leaves a place of danger, unguarded and without barriers or signals to warn the accustomed to travel said road and enter the street at the place of such excavation, it is liable for damages sustained by such person being precipitated into said excavation and injured.

(Syllabus by the Court.)

*Error from County Court, Oklahoma County;*
*Sam Hooker, Judge.*

Action by W. W. DeLong against the City of Oklahoma City. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

*John H. Wright,* for plaintiff in error.

*J. W. Johnson,* for defendant in error.

BLEAKMORE, J. This is an action for damages occasioned by the plaintiff driving into an excavation in a street. A demurrer to the petition was sustained, and plaintiff appeals.

It is alleged in the petition that the defendant is a city of the first class, and that the block and streets described in the petition are all within its corporate limits; that a block of ground which is bounded by Lottie street on the west, Kate street on the east, Ninth street on the north, and Eighth street on the south was, and for a number of years next before the injury complained of

had been, open, unimproved, and without buildings thereon, and that there was a roadway running diagonally from a northeasterly direction extending southwest into and intersecting Eighth street near the middle of said block; that said roadway was level and had been constantly and generally traveled for a number of years by the public, and was so connected with said Eighth street as to make a continuous roadway, which for a number of years had been the best and most accessible way for public travel from the northeast into that part of the city, being worn down and well established as a public roadway and used by the plaintiff and the public generally as such; that the defendant, a number of weeks prior to the injury complained of, excavated a part of said Eighth street between Lottie and Kate streets to a depth of eight feet lower than the roadway across said block, and left at the point where said roadway intersected Eighth street an excavation some eight feet in depth; that defendant put up no barriers or signals of any character to warn travelers coming into the city and using the roadway over and across said block of said excavation, either at the place where the roadway intersected Eighth street and said excavation existed, or at the point where said roadway entered said block on the north side thereof; that, in the night-time, the plaintiff, ignorant of the existence of said excavation, was traveling said roadway, and, upon reaching the point where the same intersected with Eighth street, was precipitated into said excavation, injured, and thereby damaged.

It is not alleged that in bringing the street to grade the defendant was negligent, nor that the condition of the street, itself, was defective, and therefore the liability of the city is dependent solely upon its failure to erect and maintain barriers or signals warning plaintiff of the existence of the excavation at the place of his injury.

The question for this court to determine is whether the defendant, a city of the first class, owed any duty to the plaintiff, as a member of the traveling public, in the way of warning him of the danger necessarily to be encountered at the intersection of the street and roadway by one approaching such point from the roadway unaware of said excavation. It is the contention of defendant that it owed no duty to travelers entering its streets from any point save the regularly established entrance at cross-streets or alleys, and in sustaining the demurrer to the petition the trial court so held.

While the holding of the court below is sustained by a very respectable number of cases, yet in declaring the law of this state we stand on what we believe to be the better reasoning, as well as the weight of authority, and hold to the opposite view. However, it must be remembered that the roadway in question, though not laid out or dedicated as a street, was a well-worn and established way and had been used by the public generally for years.

The rule laid down in 28 Cyc. 1384 is:

"While a municipal corporation is generally under no obligation to guard dangerous approaches from private property to its streets, yet it is bound to provide guards or signal lights to prevent persons from receiving injuries in entering a street by a commonly traveled road, although such road is in fact a private way, and has never been laid out as a highway or street. There is no duty, however, to erect barriers or maintain lights to prevent injury to persons entering a street where there is no traveled way either public or private, and nothing to put the city on notice that such entrance is likely to be attempted."

In Elliott on Roads and Streets, vol. 2, sec. 1138, it is said:

"The right to recover, in cases of negligence, rests upon a breach of legal duty, and, where there is no duty, there is no cause of action. But it is not necessary, in

order to establish a legal duty, to do more than prove the facts out of which the duty springs; for, where the facts are established, the law will fix the duty. The duty is created by the law, but the facts must exist in order to give force or relevancy to the legal principles. In order to establish negligence, it must be shown that the corporation did what it ought not to have done, or omitted something that it was its duty to do."

In *City of Kingfisher v. Altizer*, 13 Okla. 121, 74 Pac. 107, a bridge located within the corporate limits of the city upon a roadway traveled by the public generally, but not regularly laid out or established as a street, was out of repair; and a team driven by plaintiff became frightened at a hole therein and backed off the bridge, precipitating the plaintiff into a creek and injuring him. Plaintiff recovered, and the court, in affirming the judgment, stated:

"The evidence, also, is amply sufficient, in our opinion, to prove that the bridge was within the corporate limits of the city. And it further appears to us that there is sufficient evidence to show that the city for a number of years had exercised supervision of the bridge in question, and had recognized it as a part of the public streets of the municipality. This alone would be sufficient to require the city authorities to keep the bridge in a proper condition of repair, and for failure to do so it is liable for damages resulting from its negligence. Dillon's Municipal Corporations (4th Ed.) vol. 2, sec. 1009."

In *Oklahoma City v. Meyers*, 4 Okla. 686, 46 Pac. 552, it is said in the syllabus:

"Where a city negligently permits an excavation to be made in such close proximity to a street as to endanger the traveling public, and a person, without fault, is injured by falling into such excavation, a recovery may be had for such injury."

In *Burnham v. City of Boston*, 10 Allen, 290, the Supreme Court of Massachusetts, in a case very like the one at bar, in the syllabus, held:

"If a traveled way, either public or private, over lots adjoining a public street in a city and leading into that street, for a long time before and after the exist·ence of an excavation in the street, has been so much used by persons having occasion to pass as to become known as a common way for travel and to make it reasonably necessary for the city, in the exercise of due and proper care, to provide a barrier for the purpose of preventing travelers, who pass over such way from the adjacent lots into the street and use due care, from falling into the excavation, and the city have unreasonably omitted to erect such barrier, they are guilty of negligence and are liable for an injury happening to a traveler in the street by reason thereof."

And in the body of the opinion says:

"Certainly it cannot be said that it is *per se* negligence for a person to enter from adjoining houses or lands on a defective and dangerous part of a way, who has no knowledge of the defect or want of repair, nor any notice that it had been closed against public travel by barriers erected in another place to prevent the use of the way by those coming upon it either in the line of direct travel or from intersecting streets. Nor can it be maintained that a city or town would in all cases fulfill the duty incumbent on it by law by merely placing barriers across a street or way to protect travelers from injury by an existing defect or want of repair, without adopting any measures to guard against accident to those who might have occasion lawfully to come on the dangerous portion of the way from private lands adjoining and lying within the limits which were closed against travelers approaching in other directions. Doubtless in many cases it would be a proper exercise of due and reasonable care to place a single barrier across a way or street which was defective and dangerous, sufficient to stop persons from passing over it by the usually traveled path. Such a precaution, for example, would be an adequate protection against accident on a highway in the country, which was not wrought for travel throughout its entire limits, or in places where the adjoining lands were so fenced by the owners or natural obstacles were so interposed that access to the way laterally was either unusual or difficult.

But a very different standard of diligence would be applicable where a way or street was within the limits of a populous city or town, and was prepared for travel and actually used in every part, and to which constant access was had from private ways over lands of adjacent proprietors, entering it at the side. The truth is that due and reasonable care connot be defined by any abstract proposition which will be appropriate and applicable to every case which may arise. It must necessarily vary with the circumstances under which the duty of exercising it is imposed. Nor is there any positive rule of law which requires a person to enter on a highway in any particular manner or at any fixed place, or which prescribes the exact mode in which he shall travel upon it. The duty of a traveler to use it, and the duty of a city or town to protect him from danger and accidents, are regulated and measured by a like standard. Each must use such reasonable care as is adapted to the time, place, and circumstances under which the right is to be exercised and the duty performed."

In *Orme et ux. v. City of Richmond*, 79 Va. 86, the city had lowered the grade of a street leaving a precipice of eight feet at the intersection of two streets where there was an old and constantly used pathway over adjoining lots entering into those streets. The city had placed barriers at the ends of the streets, but none to warn users of the pathway. Mrs. Orme, at nighttime, walked along the pathway, and, being ignorant of the excavation, was precipitated into it and injured. In holding her petition good as against demurrer, the court said:

"Where a municipal corporation acts in the exercise of powers, or the discharge of duties, in no wise discretionary or governmental, but purely ministerial in their character, it incurs, like a private person, the common-law liability for the acts of its servants or agents."

The court in that case also held that the city was bound to use all necessary measures to guard against the injury of persons entering its streets from private ways and adjoining streets.

In *Dennis v. Village of Elmira Heights*, 59 App. Div. 404, 70 N Y. Supp. 312, a case in which the facts were similar to those in this case, the court said:

"If a road, apparently, though not in fact a public highway, is commonly used by the public, and a municipality, in the exercise of its right in improving an intersecting street, leaves the approach from the road in a dangerous condition, the duty of the municipality to the public requires the exercise by it of reasonable care for the prevention of such accidents as may reasonably be anticipated to happen to those traveling upon the road with due care and in ignorance of the danger."

In *City of Omaha v. Randolph*, 30 Neb. 699, 46 N. W. 1013, it is said:

"The plaintiff, in driving into the city of Omaha after dark, followed from Twenty-Eighth to Twenty-Seventh street a public way that had been used by the public for years, although it had never been laid out as a road. The city was at the time grading Twenty-Seventh street and had excavated the same perpendicularly to a depth of three feet at the intersection of this road, but placed no barriers or lights at or near the same. It being dark, the plaintiff was unable to see the condition of the street, and his team was precipitated into the excavation, causing the plaintiff to receive permanent injuries. *Held,* that the city was guilty of negligence."

In *Covington v. Bryant*, 7 Bush (Ky.) 248, it is held that when, in grading a street, a deep cut is made below the sidewalk, it is the duty of the city, by barricades or otherwise, to guard all prudent persons against unnecessary danger therefrom; and the city is liable for injuries resulting from a failure to perform this duty.

See, also, *Kirkham v. Kansas City*, 89 Kan. 651, 132 Pac. 160; *O'Malley v. Parsons*, 191 Pa. 612, 43 Atl. 384, 71 Am. St. Rep. 778.

There is no provision in the statute requiring actual notice to a city of the condition of its streets or the ap-

proaches thereto. And inasmuch as it is alleged in the petition that the roadway over which the plaintiff was driving to its intersection with the street was an old, well-established, and constantly used way of public travel, and the best and most accessible way from the northeast into that part of the city, the legal inference is that the city knew and permitted the use of such roadway by the public generally and as a means of entrance into Eighth street; and, when the defendant saw proper to bring said street to grade, it could not create and leave unguarded a place of danger to the public accustomed to travel said roadway and street, with no warning of such danger, without incurring liability to one lawfully traveling along said way who was unsuspectingly precipitated into such dangerous place and injured.

It follows, in view of the foregoing, that the judgment of the trial court should be reversed, and the cause remanded, with instructions to overrule the demurrer and further proceed in the cause consistently with the conclusions herein reached.

All the Justices concur.