EMMA F. COOK, APPELLEE, v. CITY OF NEBRASKA CITY, APPELLANT.

FILED APRIL 16, 1915.    No. 18068.

Municipal Corporations: EXCAVATIONS IN STREETS: PERSONAL INJURIES: LIABILITY. The municipality of Nebraska City, in grading one of its streets, made a cut or execavation from three to five feet deep at the intersection of the street with a road or driveway, which led across private property and had been traveled as a road by the public for more than 20 years, but placed no barriers or danger signals at or near the intersection. Without knowledge of the excavation, plaintiff drove over the bank in the darkness and was injured. *Held*, that the city was liable for the injury.

APPEAL from the district court for Otoe county: HARVEY D. TRAVIS, JUDGE. *Affirmed.*

*Andrew P. Moran* and *W. W. Wilson,* for appellant.

*Livingston & Heinke, contra.*

MORRISSEY, C. J.

Plaintiff brought this action against the municipality of Nebraska City to recover for injuries alleged to have been sustained August 17, 1912. It is alleged that some time prior to that date the defendant city graded down a portion of Ninth street, on the east side of block 41, four or

five feet below the natural surface of the ground, and that there was then, and for many years prior thereto, a road or public way leading across block 41 onto Ninth street; that, after changing the grade of Ninth street, the defendant and its officers negligently left the intersection of the road across block 41 unprotected and without lights or danger signals; that on the evening of that day, and after it had become dark, the plaintiff, while passing down this road across block 41 with a horse and buggy, drove over the bank and was thrown to the bottom of the grade, receiving severe and permanent injuries.

The defendant denies that there was a public road or street across block 41, and alleges that plaintiff turned aside from the traveled streets and alleys and drove into the cut from private premises, and that whatever injuries she received were caused by her own carelessness and negligence. There was a judgment for plaintiff, and defendant appeals.

The testimony shows that for over 20 years the public had used the road across block 41, although it had never been laid out as a street or highway, and no work had ever been done thereon. But the testimony shows that it required no work to fit it for travel, and one witness says: "It looked like a street; in fact, it was better than the street was." It is therefore essential to determine whether any legal obligation rested upon the city to erect barriers or place danger signals where this driveway intersected with Ninth street.

The facts in *City of Omaha v. Randolph*, 30 Neb. 699, are closely analogous to the case at bar. There the court said: "While a municipal corporation is not required to erect barriers or place danger signals to prevent persons from receiving injuries in entering its streets by private ways, yet it is bound to provide such guards or signal lights in the streets at dangerous places to prevent travelers from receiving injuries in entering such street by a usually traveled public road, although such road was never laid out as a highway or street."

When this doctrine is applied to the facts in this case, it must be held that the city was guilty of negligence in not erecting barriers or placing danger signals at the intersection of this highway with Ninth street.

Complaint is made for the giving, and refusing to give, instructions, but, having reached the conclusion that the city was bound to erect barriers, or maintain danger signals at the point where the accident occurred, the rulings of the court are found to be without prejudice to the defendant, and the judgment of the district court is

AFFIRMED.

LETTON, ROSE and SEDGWICK, JJ., not sitting.