## CITY OF TULSA v. ADAMS.

No. 20410. Opinion Filed Sept. 15, 1931.

M. C. Spradling, Eben L. Taylor, and Felix A. Bodovitz, for plaintiff in error.

West, Gibson, Sherman, Davidson & Hull, for defendant in error.

RILEY, J. This is an appeal from a judgment in the sum of $1,000, awarded Linnie A. Adams for personal injuries sustained as a result of a defective condition of a public sidewalk and parkway along the west side of the North Birmingham street, abutting lot 24, block 3, Fairmont addition, otherwise numbered as No. 40, North Birmingham street, within said city. The accident occurred on January 25, 1927; snow and ice covered the ground. The sidewalk was two feet above the street grade. There were certain excavations on the west side of the street and in close proximity to said number. Mrs. Adams, a lady of 55 years, walking in a northerly direction at said place, and in order to avoid the two-foot drop in the sidewalk, proceeded east to the curb of the street over a cement driveway at right angles with the sidewalk. She stepped into a hole that was covered with ice and snow, and therefore not visible, was thrown into the street, and sustained a broken leg and other injuries.

Negligence is predicated upon the failure of the city to maintain the sidewalk and parkway in a safe condition.

The city of Tulsa bases its first assignment of error upon the insufficiency of notice as prescribed by the charter of said city, as a condition precedent to maintaining an action for damages. Notice was given the city in due time as specified in the charter, but it is urged that it was indefinite as to place where the accident occurred and insufficient as to description of the accident.

In the case of City of Tulsa v. McIntosh, 141 Okla. 220, 284 Pac. 875, this court held that the charter provision of the city of

Tulsa requiring such notice was "a special statute of limitation and is in violation of article 5, sec. 46, subd. (z), and article 5, sec. 59, Oklahoma Constitution." Therein it was held that "The manner in which a citizen may proceed against one of the scores of cities in this state for a breach of duty is not a matter of local concern only, but is, in its nature, of general public concern."

The contention is without merit and has heretofore been decided adversely to the city. We cannot logically depart from our former holding.

It is finally contended that the trial court erred in overruling the demurrer of the city of Tulsa to the evidence of plaintiff below. This contention is based upon the theory that the evidence of plaintiff failed to establish negligence on the part of the city. More particularly stated, it is urged that the evidence of plaintiff failed to disclose "any defective condition of the driveway at the place where the plaintiff was injured."

We have reviewed the evidence and find it ample to sustain the conclusion that, for a long time prior to the accident, the driveway that crosses the sidewalk at the place in question was in a dangerous condition. The photographs in evidence add to this conclusion. City of Hugo v. Nance, 39 Okla. 640, 135 Pac. 347.

The same duties imposed upon the city regarding sidewalks equally apply to parking and approaches. City of Picher v. Barrett, 120 Okla. 66, 249 Pac. 739; City of Miami v. Finley, 112 Okla. 97, 240 Pac. 317; Okla. City v. Myers, 4 Okla. 686, 46 Pac. 552; Shawnee v. Drake, 69 Okla. 209, 171 Pac. 727.

Judgment affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., not participating.

Note. See under (1) annotation in 20 L. R. A. (N. S.) 757; 13 R. C. L. 487; R. C. L. Perm. Supp. p. 3384; 19 R. C. L. 1040; R. C. L. Perm. Supp. p. 4749; R. C. L. Pocket Part, title "Municipal Corporations," § 329.